[No. 34825. Department One. August 13, 1959.]

PETER JERDAL, *Respondent*, v. R. T. SINCLAIR *et al.*,
*Appellants.*[1]

[1]Reported in 342 P. (2d) 585.

*Lewis S. Armstrong* and *Armstrong & Crane*, for appellants.

*Metzger, Blair & Gardner*, for respondent.

MALLERY, J.—This is an action for personal injuries to a pedestrian who was struck by an automobile about five o'clock p. m., on January 4, 1957. The defendant driver, R. T. Sinclair, is the minor son of defendants Robert B. Sinclair and Helen E. Sinclair, who are joined as defendants under the family-car doctrine. It was dark and cloudy, but the pavement was dry, when the son, alone in the car, entered North 26th street from a service station one block west of the scene of the accident. He turned left and proceeded east to Mason avenue on the south side of North 26th street at a speed of fifteen to twenty miles an hour. The plaintiff was crossing from the southwest corner to the northwest corner of North 26th street at its intersection with Mason avenue. He was struck by the extreme left side of the automobile's front bumper.

From a judgment entered on a verdict for the plaintiff, the defendants appeal.

Appellants contend that the respondent was guilty

of contributory negligence as a matter of law for not having seen the approaching automobile. They seek to invoke the rule that one will not be heard to say that he looked, but did not see that which was there to be seen. The rule and the cases cited in support of it by the appellants are applicable in pedestrian cases where a plaintiff steps from a place of safety directly into the path of a driver who has no opportunity to avoid the impact. A different factual situation is presented here.

There was evidence from which the jury could have found that the respondent looked before he started to cross the street, that he had proceeded approximately twelve feet into the crosswalk when he was struck, that he walked slower than normal because of his limp, that the automobile was traveling at the rate of fifteen to twenty miles an hour, and that it did not change its direction of travel from straight ahead or decrease its speed until after the impact.

Had the respondent seen the automobile, at the speed it was traveling and at the distance it had to be from him according to these facts, it was permissible for him to assume that the defendant driver could and would yield him the right of way as required by law. It was not negligence as a matter of law for the respondent to exercise his statutory right of way under these circumstances, and the jury had a right to find from them that he was not guilty of contributory negligence as a matter of fact.

The appellants assign as error the giving of instruction No. 11 because it is stated therein, regarding the duty of the driver of the automobile, that ". . . He still remains bound to anticipate that he may meet persons at any point of the street, . . ."

The appellants contend that the above statement in instruction No. 11 should be qualified by the statement that "the driver is entitled to assume that such persons will be obeying the law."

Appellants' theory of law is correct. However, instructions must be construed together, and the desired qualification is found elsewhere in instruction No. 11, where the driver is charged with the duty to

". . . . keep a proper lookout for them [persons] and keep his machine under such control as will enable him to avoid collision *with other persons using proper care and caution*, . . . " (Italics ours.)

Also, instruction No. 6 expresses the qualification in the following italicized language:

"You are instructed that automobiles have the right of way over pedestrians between street intersections and within intersection areas, except at crosswalks. Pedestrians have the right of way over automobiles while on marked or unmarked crosswalks. *Each has the right to assume that the other will yield the right of way, in accordance with the rule just stated*. . . . " (Italics ours.)

In view of these statements, it was not error to give instruction No. 11.

Appellants assign error to the trial court's failure to give their proposed instruction No. 7 upon the ground that it correctly outlines the *agency theory* of liability under the family-car doctrine.

The court instructed the jury *in extenso* upon the family-car doctrine in instruction No. 14, to which no assignment of error is directed, nor was any exception taken to it at the trial. It, thus, became the law of the case. It adequately covers this theory, and it lays down the requirement for application of the family-car doctrine that the car was

"(2) Being used at the time of the accident by their son, R. T. Sinclair, for business of the family or for pleasure with the parents' implied or express consent."

It was, thus, not error to refuse appellants' proposed instruction No. 7 because its substance was given in instruction No. 14.

The appellants contend that, since there was evidence that the son had earned money and controlled his earnings from the age of fourteen, the court should have given appellants' proposed instruction No. 5, which stated that, if the parents relinquished their rights to the son's earnings, the automobile purchased with them would belong to the son.

We do not agree. Upon the question of ownership, instruction No. 14 stated the law of the case in this regard as:

" . . . In determining who the owner of the automobile involved in the accident was, you may consider:

"(a) Who paid for the car.

"(b) Who had the right to control the use of the car.

"(c) The intent of the parties who bought and sold the car.

"(d) The intent of the parents and the child as to who, between them, was the owner of the car.

"(e) To whom did the seller make delivery of the car.

"(f) Who exercised property rights in the car from the date of its purchase to the date of the accident.

"(g) Any other evidence which has been presented which bears on who is the owner in fact."

It was not error to refuse appellants' proposed instruction No. 5 because its substance is not the sole and exclusive test. Instruction No. 14 contains a more accurate and comprehensive statement of the law.

Appellants contend that instruction No. 14 is not adequate because it only requires that the car be owned, furnished *or* maintained by the parents, whereas the law requires that the car be owned by *and* furnished *and* maintained by the parents.

In *Dillon v. Burnett*, 197 Wash. 371, 85 P. (2d) 656, and *Hart v. Hogan*, 173 Wash. 598, 24 P. (2d) 99, we quoted with approval language substantially the same as that objected to herein. It was not error to state the requirements for applying the family-car doctrine in the alternative, since each element is sufficient to sustain the doctrine.

Appellants assign error to the admission of testimony regarding their automobile liability insurance upon the ground that it was not relevant to any issue in the case and was prejudicial to them.

We do not agree. The respondent offered evidence as to the identity of the person who signed the application for the policy as relevant to the issue of whether the father or the son owned the car, and the trial court admitted it for that purpose. The testimony was relevant to that issue,

and it was not error to admit it. See *Carlson v. P. F. Collier & Son Corp.*, 190 Wash. 301, 67 P. (2d) 842.

The judgment is affirmed.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.