[No. 37752.   Department Two.   January 13, 1966.]

ROBERT KORSLUND, *Respondent,* v. JAMES B. TROUP, *Appellant.*\*

*Davies, Pearson, Anderson & Pearson,* by *Vernon R. Pearson,* for appellant.

*Rush & Lynch,* by *William J. Rush,* for respondent.

\*Reported in 409 P.2d 856.

KALIN, J.†—Respondent and appellant played as doubles partners on a handball team representing the Tacoma Elks Lodge in a league. Both parties participated in handball for its recreational benefits. They were not paid for playing and the leagues were similar to bowling leagues. The lodge, in order to compete in the league, had to enter two doubles teams of two players each and one singles player. On this particular occasion, respondent and appellant had signed up to play a doubles match against the Washington Athletic Club of Seattle. While appellant was driving his car to Seattle, with respondent as passenger, they were involved in an accident and respondent was injured.

A few days prior to the match, they discussed when they should leave, what time they would meet to leave and whose car they would take. It was decided that appellant would take his car because respondent's place of work was right on the way and it was more convenient to use appellant's car. Other members of the lodge team left earlier, but respondent and appellant worked until 6 p.m.

Respondent testified as follows:

Q. What were the specific arrangements between you then that were made? A. The arrangements were that, we both worked not too far apart, that he would drive his car down to my place of employment, and I would leave my car there, and we would leave from there to go to Seattle.

There was no agreement to share expenses of the trip and, in fact, they were not shared.

Respondent testified either participant could withdraw as a doubles partner and someone else could be substituted or, if no substitutes were available, the match would be forfeited.

Respondent's complaint alleged gross negligence, negligence and joint adventure. The trial court eliminated gross negligence as an issue but entered judgment on a jury verdict for the respondent.

†Judge Kalin is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

Appellant contends that the facts show nothing more than a host-guest relationship, in which case there could be no recovery in the absence of gross negligence. Respondent argues, on the other hand, that the facts of the case are such as to make it a joint adventure, in which event ordinary negligence would be sufficient to allow recovery. We omit a discussion of other assigned errors since our holding on the issue of joint adventure obviates the necessity of deciding them.

This court, in the leading case of *Carboneau v. Peterson,* 1 Wn.2d 347, 374, 95 P.2d 1043 (1939), reviewed 27 prior decisions on the subject of joint adventure, and from these opinions, some seemingly in conflict, derived the following statement of the rule:

Briefly stated, a joint adventure arises out of, and must have its origin in, a contract, express or implied, in which the parties thereto agree to enter into an undertaking in the performance of which they have a common purpose and in the objects or purposes of which they have a community of interest, and, further, a contract in which each of the parties has an equal right to a voice in the manner of its performance and an equal right of control over the agencies used in the performance. Thus, we note (1) a contract, (2) a common purpose, (3) a community of interest, (4) equal right to a voice, accompanied by an equal right of control.

The *sine qua non* of the relationship is a contract, whether it be express or implied. As a legal concept, a joint adventure is not a status created or imposed by law, but is a relationship voluntarily assumed and arising wholly *ex contractu.* The essence of a contract is that it binds the parties who enter into it and, when made, obligates them to perform it, and failure of any of them to perform constitutes, in law, a breach of contract. A mere agreement, or concord of minds, to accompany one another upon an excursion, but without an intent to enter into mutually binding obligations, is not sufficient to create the relationship of joint adventure.

The issue is whether the four elements of joint adventure are borne out by the evidence in the present case, as viewed most favorably to respondent.

It is remembered that either appellant or respondent could be a participant in the handball tournament or withdraw and have someone substituted. We mention this because respondent contends that the first element of joint adventure, "consideration," was the reliance of each party on the other to participate in the handball match, whereby each was essential for the other to compete. In addition, the Elks Lodge relied upon both parties who had agreed to participate on its behalf. The winning or losing of the match was significant to both parties with respect to their ultimate goal of winning a trophy for their combined and individual efforts.

We cannot make out a contract between respondent and appellant from their discussion as to how they would travel from Tacoma to Seattle. In fact, respondent does not seriously contend that anything in the nature of a contract was made at that time.

However, assuming, as respondent contends, that the agreement arises from the reliance of each party on the other to participate in the handball match, these circumstances, we believe, more properly constitute a *common purpose*—the second element of the *Carboneau* rule.

■ Respondent's contention, however, is that we are dealing here with a promise for a promise, which is sufficient consideration to make a binding contract, and that the facts, therefore, establish the first of the four elements of joint adventure as laid down in the *Carboneau* case, *supra,* *i.e.,* a contract. We disagree.

1 Williston, Contracts § 104, at 400 (3d ed.) states:

And in any case where a promise in terms or in effect provides that the promisor has a right to choose one of two alternatives, and by choosing one will escape without suffering a detriment or giving the other party a benefit, the promise is insufficient consideration. The same consequence follows where a bilateral agreement in question expressly reserves to one party the right of immediate cancellation at any time.

To the same effect, Simpson, Contracts, ch. 3, § 37, at 103 (1954):

A promisor may promise alternative performances, reserving to himself the right to choose between them. If one of the alternatives is non-detrimental to him, the promise is not sufficient consideration for the counter promise since if it involves no detriment it has no value. . . . Similarly, as to a promise reserving an absolute right of cancellation in the promisor.

Restatement, Contracts § 79 (1932), provides:

A promise or apparent promise which reserves by its terms to the promisor the privilege of alternative courses of conduct is insufficient consideration if any of these courses of conduct would be insufficient consideration if it alone were bargained for.

There was no binding contract which the parties were mutually obligated to perform or which, if not performed, would have been considered, in law, as a breach of contract. It was merely an agreement or arrangement from which either of the parties could have withdrawn at any time.

The appellant, having alternate choices as to participating or not, can escape without any detriment. There being no consideration, there can be no contract, and respondent's cause of action fails to meeet the test of the rule on joint adventure, as to the first element laid down in the *Carboneau* case, *supra.*

Since the *Carboneau* decision, this court has steadfastly required compliance with the four elements of the rule on joint adventure, especially the requirement of a contract. *Moen v. Zurich Gen. Acc. & Liab. Ins. Co.,* 3 Wn. 2d 347, 101 P.2d 323 (1940); *Paulson v. McMillan,* 8 Wn.2d 295, 111 P.2d 983 (1941); *Finn v. Drtina,* 30 Wn.2d 814, 194 P.2d 347, 2 A.L.R.2d 919 (1948); *Veek v. Tacoma Suburban Lines, Inc.,* 49 Wn.2d 584, 304 P.2d 700 (1956); *Wines v. Engineer's Ltd. Pipeline Co.,* 51 Wn.2d 487, 319 P.2d 563 (1957).

We said in *Finn v. Drtina, supra,* p. 826:

Whatever may be said in regard to the cases decided prior to the *Carboneau* case, *supra,* it is now firmly established that the rules announced in the *Carboneau* case are now the rules to be applied in determining whether

or not in a given case the relationship of joint adventurer exists.

Having decided that the first requirement for a joint adventure—contract—as prescribed by *Carboneau, supra,* is lacking, it would serve no useful purpose to consider the other elements.

Appellant's motion to dismiss should have been granted.

The judgment is reversed.

ROSELLINI, C. J., DONWORTH and HAMILTON, JJ., concur.

FINLEY, J., dissents.

March 9, 1966. Petition for rehearing denied.