[No. 38185.   Department Two.   June 30, 1966.]

CLIFFORD C. COFFMAN, *Respondent,* v. BARNEY McFADDEN et al., *Appellants.*[*]

*Reported in 416 P.2d 99.

---

[3]To us this word is "redundant"; to the unsuccessful appellant it would perhaps appear "slanted."

*Eisenhower & Carlson, Paul Sinnitt, Herbert H. Kaiser, Jr.,* and *James P. Healy,* for appellants.

*William Eric Rohrs,* for respondent.

OTT, J.—June 2, 1963, William L. McFadden, then 16 years of age, was involved in an automobile collision, for which accident his liability was admitted.

Clifford C. Coffman, the driver of the other automobile involved in the accident, was injured and his 1950 Studebaker, valued at $100, was a total loss. He commenced this action for damages against William L. McFadden and his parents, Barney and Bernadine McFadden. He alleged that the 1949 Dodge automobile driven by William L. McFadden was a family car belonging to Barney and Bernadine McFadden, and that the parents were liable for the negligence of their son, by application of the family car doctrine.

The defendants' answer denied that the automobile driven by William was a family car.

The cause proceeded to trial upon the issues thus joined, and, from a judgment in favor of the plaintiff in the sum of $65,775, the defendants have appealed.

The assignments of error may be summarized as follows: The court erred (1) in failing to dismiss the appellant parents at the close of the respondent's evidence, (2) in giving certain instructions and refusing to give an instruction requested by the appellants, (3) in failing to strike Dr. Butler's testimony relative to speculative items of damages, and (4) in permitting testimony relating to insurance.

Regarding assignment of error (1), the evidence pertinent to the issue of the family car doctrine is substantially as follows:

William L. McFadden resided with his parents 8 miles south of Spanaway in Pierce County. He was a student at Bethel High School. He had obtained part-time employment washing large trucks and vans. The employment was approximately 20 miles distant from his parents' residence.

Barney and Bernadine McFadden were both employed and had their separate automobiles, also a truck. William desired to have an automobile of his own to transport him to and from his employment. He and his father went to Mallon Motors in South Tacoma, which company had a 1949 Dodge that had been previously owned by William's grandmother. The sale price of the automobile was $260. William paid $75 of his own money, borrowed $75 from his mother, and the balance from his father. The automobile was entirely paid for at the time of its delivery. The certificate of title upon which, by law, must appear the name of the legal owner and of the registered owner was not introduced in evidence. Barney McFadden testified that his name and William's appeared on the certificate. The Dodge automobile was left upon the premises of Mallon Motors for some three weeks after it had been paid for until insurance could be obtained. Barney McFadden applied for the insurance and paid the premium.

Within a week after William took delivery of the automobile, the accident occurred while he was on a pleasure trip. The automobile had never been driven during this time by any member of the family except William. Barney McFadden testified that the automobile had been purchased for William's exclusive use and benefit. As a result of the accident, William sustained injuries, had not been able to work, and had lost his job. He had therefore not been able to reimburse his parents for the loans or his father for the insurance premium.

William did not testify at the trial. Both Barney and Bernadine McFadden were called by the respondent as adverse witnesses. At the close of respondent's evidence, appellants moved to dismiss Barney and Bernadine McFadden, upon the ground that the evidence did not establish a prima facie case for the application of the family car doctrine. The motion was denied, and the appellants thereupon rested their case.

Was respondent's evidence sufficient to invoke the family car doctrine? In resolving this issue, we are governed by the following rules:

(1) The burden of proof rests upon the plaintiff. *Gillingham v. Phelps,* 11 Wn.2d 492, 119 P.2d 914 (1941).

(2) A motion to dismiss for insufficiency of the evidence, made at the close of plaintiff's case, admits the truth of the evidence and all reasonable inferences arising therefrom. The court must consider such evidence most strongly in favor of the nonmovant party and against the moving party. *Messina v. Rhodes Co.,* 67 Wn.2d 19, 406 P.2d 312 (1965); *State v. Holbrook,* 66 Wn.2d 278, 401 P.2d 971 (1965); *Rouse v. Morrison-Knudson,* 47 Wn.2d 85, 287 P.2d 133 (1955).

(3) A parent is not liable for the torts of his child solely because of the relationship. The liability, if any exists, must rest upon the relation of agency or service. *Birch v. Abercrombie,* 74 Wash. 486, 133 Pac. 1020 (1913). See, also, *Davis v. Browne,* 20 Wn.2d 219, 147 P.2d 263 (1944); *Warren v. Norguard,* 103 Wash. 284, 174 Pac. 7 (1918).

(4) In order to fasten liability upon the parents for the negligence of the child, under the family car doctrine, the plaintiff must show that the parents owned, provided or maintained the automobile in question, and that it was for the general use, pleasure, and convenience of the family. *Mylnar v. Hall,* 55 Wn.2d 739, 350 P.2d 440 (1960).

(5) Registration of the automobile in the name of the parent does not alone establish it to be a family car. *Mylnar v. Hall, supra.* Registration in the name of the parent establishes a rebuttable presumption of ownership. *Gams v. Oberholtzer,* 50 Wn.2d 174, 310 P.2d 240 (1957); *Delano v. La Bounty,* 62 Wash. 595, 114 Pac. 434 (1911).

(6) In the determination of whether an automobile is owned by an unemancipated minor child residing at home, or by his parents, the following elements must be considered:

(a) Who paid for the car, (b) who had the right to control the use of the car, (c) the intent of the parties who bought and sold the car, (d) the intent of the parents and the child relative to ownership, (e) to whom did the seller make delivery of the car, (f) who exercised property rights in the car from the date of its purchase to the date of the

accident, and (g) any other circumstantial evidence which may tend to establish the fact of ownership. *Jerdal v. Sinclair,* 54 Wn.2d 565, 342 P.2d 585 (1959).

Tested by these rules, the trial court concluded from the evidence that the minds of reasonable men, whose duty it is to weigh the evidence and determine the facts of ownership, might differ in resolving the issue presented, and denied appellants' motion to dismiss.

Our review of the record convinces us that the trial court did not err in denying the motion to dismiss.

Relative to assignment of error (2), appellants excepted to the giving of instruction No. 7, which is as follows:

> When a car is registered in the name of a person the law presumes that such a person is the owner of such automobile, and that anyone who is driving it is his agent. However, this is only a presumption and if in fact such a person is not the real and actual owner, then he would not be responsible for the acts of some other person driving the car. In this case if you find that the 1949 Dodge, driven by the son, William L. McFadden, was registered in the name of his father, the Defendant, Barney Mc-Fadden, then there would be a presumption that the Defendant father was the owner.

The evidence relative to the title was as follows:

> Q. . . . And in whose name was the title taken? A. [Barney McFadden] The title was taken in Billy's name and my name. . . . Q. But you were listed as a registered owner in the automobile? A. Bill McFadden and his dad, both our names were on the title. . . . Q. Now, with respect to that registration, are you certain that your son William's name was on the registration? A. I am certain, yes.

The appellants' exception to the instruction was upon the ground that the evidence established that the automobile was registered in both names:

> We submit to the Court that that isn't the evidence that has been testified to by Mr. McFadden. Our best recollection is that his testimony was that it was registered in both names, so again it would appear to be an improper comment on the evidence by the Court, and an improper interpretation of the evidence.

The exception to the instruction was well taken. If William's name was on the certificate of title there could also be a presumption that he was the owner. The instruction was not in conformity with the evidence and constituted prejudicial error. *Reynolds v. Phare,* 58 Wn.2d 904, 365 P.2d 328 (1961).

The trial court gave instruction No. 5, which is as follows:

Under the Family Car Doctrine in force in the State of Washington, a broad liability is imposed upon the husband and father when his automobile is operated by a member of the family for pleasure, since this doctrine rests on the theory that the family member is a husband's and father's agent in carrying out one of the purposes for which the automobile is purchased and owned.

The appellants excepted to this instruction as being misleading, in that it presupposes that the respondent had established by the evidence that the family car doctrine was applicable to the Dodge automobile. This factual determination must first be resolved by the jury before parental liability is imposed. The failure to so instruct the jury in the questioned instruction constituted reversible error. Likewise, the adjective "broad" should have been omitted.

The court instructed the jury, in instruction No. 9, *inter alia:*

In assessing the amount of recovery you should allow such sum as in your opinion will fairly and justly compensate plaintiff for the damages sustained, arising out of the accident and proximately caused by the negligence of defendants. You should take into consideration the nature, character and extent of plaintiff's injury, the pain and suffering, both physical *and mental,* you find he has endured or will in the future endure, together with any permanent disability which you find established by the evidence. (Italics ours.)

Appellants' exception to the instruction was that

the Court advises the jury to compensate the plaintiff for mental suffering. My best recollection is that there is no proof on the element of mental suffering by either the doctor or the plaintiff.

■ We find no evidence in the record relating to mental suffering. To instruct on an element of damages which finds no support in the evidence constitutes prejudicial error. *Reynolds v. Phare, supra; Bennett v. Oregon-Washington R.R. & Nav. Co.,* 83 Wash. 64, 145 Pac. 62 (1914).

■ With reference to the court's refusal to give appellants' proposed instruction No. 14, we find that the last paragraph of instruction No. 9 substantially informed the jury of the matters contained in the requested instruction. It is not error to refuse to give a proposed instruction when the subject matter is adequately covered in the court's instructions. *Ste. Marie v. Command,* 60 Wn.2d 189, 373 P.2d 121 (1962).

■ Relative to assignment of error (3), Dr. Butler's testimony that, as a result of the injuries respondent received, there was a "rare possibility" of skin cancer, massive infection or amputation does not meet the test of *reasonable probability* that such conditions will occur as a result of the accident. *Holt v. School Dist. No. 71 of King Cy.,* 102 Wash. 442, 173 Pac. 335 (1918); *Gifford v. Washington Water Power Co.,* 85 Wash. 341, 148 Pac. 11 (1915). In the event the same testimony is offered again on retrial, and timely objected to, it should not be admitted.

We do not reach the merits of the timeliness of appellants' objection to the doctor's testimony, raised by their written motion made after all parties had rested and the jury had retired to deliberate, or the matter of precisely what the stipulation made in open court encompassed, for the reason that these issues are not likely to occur again on retrial.

■ As to assignment of error (4), evidence relative to insurance was properly admitted in respondent's case in chief to establish one of the elements of ownership. *Jerdal v. Sinclair,* 54 Wn.2d 565, 342 P.2d 585 (1959).

The court did not err in refusing to grant appellants' motion to strike this evidence.

For the reasons stated, the judgment is reversed and the

cause remanded with instructions to grant a new trial. Costs will abide the final determination of the cause.

ROSELLINI, C. J., HILL and DONWORTH, JJ., and REVELLE, J. Pro Tem., concur.

