[No. 874-3.    Division Three.    June 28, 1974.]

BOYD HULSE, *Appellant,* v. MICHAEL DRIVER *et al.,*
*Respondents.*

*Fred R. Staples* (of *Staples & Felstad*), for appellant.

*Hugh B. Horton* (of *Horton, Wilkins & Faurholt*), *Leavy,
Taber, Schultz & Bergdahl, Gregory L. Lutcher* (of *Freise
& Lutcher*), *Mike Johnston* (of *Campbell & Johnston*),
*Wayne Murray* (of *Murray, Dunham & Waitt*), and *Peter-
son, Taylor & Day,* for respondents.

Munson, J.—Plaintiff, Boyd Hulse, appeals from a summary judgment granted in favor of all respondents in an action based upon an automobile accident. Respondents, Richard Bruce, Donald Brown and James K. McCurry, were passengers in an automobile driven by defendant, Michael Driver. Respondents, Dorothy M. and Garth E. Driver, the parents of Michael Driver, were not occupants of the Driver vehicle at the time of the accident. No appeal is taken from a summary judgment entered against the defendant, Michael Driver, nor from one entered in the favor of defendants, James H. and Lorraine L. McCurry, the parents of respondent, James K. McCurry.

The accident occurred the evening of September 29, 1972, on Highway 12, 2 miles south of Pasco. Michael Driver negligently drove his vehicle into the oncoming lane of traffic and collided head-on with plaintiff's vehicle. All occupants of the Driver vehicle were minors at the time of the accident.

The deposition of Donald Brown indicates that on the morning of September 29, he purchased a 6-pack of beer which he and Michael Driver drank. They each contributed one-half to the purchase price. That afternoon Brown purchased "[p]robably half a case" with money contributed by himself, Michael Driver and Richard Bruce. Part of that beer was apparently consumed while driving around in Michael Driver's vehicle. More beer may have been purchased during the day, but Brown did not recall any specific additional purchases.

Later that afternoon, Driver, Brown and Bruce met respondent James K. McCurry. The depositions of the parties indicate these young men contemplated going to a dance later that evening. To pass the time, McCurry suggested they go to Walla Walla to purchase onions for his immediate superior at the place of his employment. Acting upon this suggestion, they proceeded, uneventfully, to Walla Walla in the Driver vehicle, with Michael Driver driving.

In Walla Walla, the four of them entered a grocery store

and purchased two bottles of wine. As in the other liquor purchases, each equally contributed money toward the purchase price. They went to the check-out stand together; Donald Brown again acted as the conduit, or the actual purchaser of the wine.

They then proceeded toward Pasco with Michael Driver driving. Each of the boys apparently drank his share of the wine; it was consumed in its entirety. McCurry fell asleep sometime prior to the collision.

The two respondents who remained awake, Richard Bruce and Donald Brown, complained to Michael Driver that he was becoming careless in his driving and suggested someone else drive. The car was stopped. Richard Bruce drove for approximately 5 miles before the car was again stopped, ostensibly to let Donald Brown drive. However, Michael Driver, seated on the passenger side of the front seat, slid over and again assumed the driving responsibilities. Both Bruce and Brown stated they tried to talk Michael Driver out of driving, but he insisted on driving his own vehicle. Soon thereafter, the accident occurred.

Plaintiff first contends that the court erred in entering summary judgment in favor of respondents Richard Bruce, Donald Brown and James K. McCurry, inasmuch as the record shows that they "furnished" liquor to Michael Driver, a minor, with knowledge of his minority, and with knowledge that he would be driving an automobile on the public highways in an intoxicated condition. Plaintiff contends the common law imposes liability for any proximately caused injury upon one who furnishes liquor under these conditions.

In *Halvorson v. Birchfield Boiler, Inc.,* 76 Wn.2d 759, 458 P.2d 897 (1969), defendants gave a Christmas party for its employees and furnished food and refreshments, including alcoholic beverages. An employee of defendants, Mr. Wolf, attended the party, allegedly became intoxicated, and left the party. As he drove home, he struck and severely injured plaintiff, Oliver Halvorson. As one ground for recovery, plaintiffs alleged that defendants were guilty of negli-

gence because they furnished intoxicants to Mr. Wolf know-
ing he was intoxicated and unable to properly operate a
motor vehicle. The trial court granted defendants' motion
to dismiss on the ground that the complaint and opening
statement failed to state a claim upon which relief could be
granted. The judgment was affirmed by the Supreme
Court.

The majority in *Halvorson* holds that the sale or
furnishing of an intoxicant to an able-bodied person at a
social event does not create a cause of action against the
furnisher for a tort committed by the consumer. In the
instant case, Michael Driver and respondent passengers
were engaged in a social activity. There was no commercial
furnishing of liquor by any of the respondents to Michael
Driver. At most, there was a supplying or furnishing of
liquor by respondents to this defendant in a purely social
setting.[1] Thus, no cause of action lies against these respon-
dents.

Plaintiff contends, however, that *Halvorson* is distin-
guishable because defendant Michael Driver is a minor;
that the giving or supplying of liquor to a minor, with
knowledge that he is a minor, is a misdemeanor[2] (RCW

---

[1]Whether such action by respondent passengers amounted to a
furnishing, supplying or giving of liquor to defendant Michael Driver is
questionable. We do not deem it necessary to determine this question in
light of our holding that a social furnishing or supplying of liquor does
not render one civilly liable.

[2]RCW 66.44.270:

"Except in the case of liquor given or permitted to be given to a
person under the age of twenty-one years by his parent or guardian for
beverage or medicinal purposes, or administered to him by his physi-
cian or dentist for medicinal purposes, no person shall give, or other-
wise supply liquor to any person under the age of twenty-one years, or
permit any person under that age to consume liquor on his premises or
on any premises under his control. It is unlawful for any person under
the age of twenty-one years to acquire or have in his possession or
consume any liquor except as in this section provided and except when
such liquor is being used in connection with religious services.

Conviction or forfeiture of bail for a violation of this section by a
person under the age of twenty-one years at the time of such convic-
tion or forfeiture, shall not be a disqualification of such person to

66.44.270) and, hence, constitutes negligence per se.[3]

*Halvorson* requires a contrary conclusion. Quoting from 30 Am. Jur. *Intoxicating Liquors* § 520 (1958), the court in *Halverson,* 76 Wn.2d at page 762, stated:

> It is generally held that there can be no cause of action against one furnishing liquor in favor of those injured by the intoxication of the person so furnished, even though the liquor was sold or given to one in violation of a law other than under a civil damage act, so long as the person to whom the liquor was sold or given was not in such a state of helplessness or debauchery as to be deprived of his will power or responsibility for his behavior.

Such reasoning dictates that liquor furnished to one in violation of a criminal prohibition, such as RCW 66.44.270, does not, alone, impose civil liability upon a furnisher.

Furthermore, the court in *Halvorson* at page 765, continues—

> It may be that the social and economic consequences of "mixing gasoline and liquor" should lead to a rule of accountability by those who furnish intoxicants to one who becomes a tort-feasor by reason of intoxication, *but such a policy decision should be made by the legislature after full investigation, debate and examination of the*

---

acquire a license to sell or dispense any liquor after such person shall have attained the age of twenty-one years.

[3]There is diverse authority on the question whether the violation of a criminal statute involving supplying liquor to a minor imposes civil liability upon said supplier. Some states have imposed civil liability when, in contravention of a criminal statute, liquor is so furnished. ·*Brockett v. Kitchen Boyd Motor Co.,* 24 Cal. App. 3d 87, 93, 100 Cal. Rptr. 752 (1972); *Vesely v. Sager,* 5 Cal. 3d 153, 486 P.2d 151, 95 Cal. Rptr. 623 (1971); *contra, Wiener v. Gamma Phi,* 258 Ore. 632, 638, 485 P.2d 18, 21 (1971), wherein the court stated as follows:

> We think that the design of ORS 471.410(2) [which provided criminal liability for ones who "make available any alcoholic liquor to any person under the age of 21 years,"] was to protect minors from the vice of drinking alcoholic beverages; it was not the purpose of the statute to protect third persons from injury resulting from the conduct of inebriated minors or of imposing liability upon a person contributing to the minor's delinquency by furnishing him with alcohol.

(Footnote omitted.)

> *relative merits of the conflicting positions. Accord, Hamm v. Carson City Nugget, Inc.,* 85 Nev. 99, 450 P.2d 358 (1969). *Also see Carr v. Turner,* 238 Ark. 889, 385 S.W.2d 656 (1965). The legislature has provided for civil liability of a person furnishing intoxicants to one who has been adjudged an habitual drunkard. RCW 71.08.080.[4] We do not believe that we should judicially extend this legislative act.

(Italics ours.)

The same reasoning is applicable to one who furnishes alcoholic beverages to a minor in a social context, with knowledge that said person is a minor. This is particularly true under the facts of this case, where the alleged furnishers of the alcoholic beverages were also minors. At present, there is no legislation imposing civil liability; if such is to be imposed, it should be by legislative mandate. The trial court was correct.[5]

Plaintiff next contends the court erred in holding the doctrine of negligent entrustment inapplicable. They contend that while returning from Walla Walla, respondent Richard Bruce was substituted as driver of the vehicle in place of defendant Michael Driver. Knowing that Michael Driver was under the influence of liquor, the respondent passengers negligently permitted Michael Driver to resume driving the automobile. We disagree.

It is the general rule that an owner or other person in control of a vehicle and responsible for its use, who entrusts the vehicle to another, may be held liable for damages resulting from the use of the vehicle, under the

---

[4] We note that the legislature has seen fit to repeal this civil damage statute, Laws of 1972, 1st Ex. Sess., ch. 122, § 26, p. 313 (effective January 1, 1975).

[5] Plaintiff's contention that respondent passengers are civilly liable upon the basis that they supplied liquor to defendant Michael Driver is analogous to an argument that they are liable as joint adventurers. Upon this basis, his argument is also without merit. Here the trip to and from Walla Walla was merely for social companionship; the necessary requirements of contract, common purpose and equal right of voice and control were lacking. No joint adventure existed. *Carboneau v. Peterson,* 1 Wn.2d 347, 95 P.2d 1043 (1939). *See also Korslund v. Troup,* 67 Wn.2d 773, 409 P.2d 856 (1966).

theory of negligent entrustment, where he knew, or should
have known in the exercise of ordinary care, that the per-
son to whom the vehicle was entrusted was intoxicated at
the time of the entrustment. *Mitchell v. Churches,* 119
Wash. 547, 206 P. 6, 36 A.L.R. 1132 (1922) (an owner
allegedly lent an automobile to one with knowledge that he
might become intoxicated); *Atkins v. Churchill,* 30 Wn.2d
859, 194 P.2d 364 (1948) (entrusting an automobile to an
unlicensed minor); *General Valet Serv., Inc. v. Curley,* 16
Md. App. 453, 298 A.2d 190 (1973), *rev'd based upon suffi-
ciency of the evidence, Curley v. General Valet Serv., Inc.,*
270 Md. 248, 311 A.2d 231 (1973); *Stafford v. Far-Go Van
Lines, Inc.,* 485 S.W.2d 481 (Mo. Ct. App. 1972); Annot., 19
A.L.R.3d 1175-82, 1192 (1968); 60A C.J.S. *Motor Vehicles* §
431(1), (2) (1969); Restatement (Second) of Torts § 390
(1965).

In this case, however, the "negligent entrustment" by the
respondent passengers was *to* the owner of the automobile.
To invert the doctrine under the circumstances posited in
this case is illogical. By analogy to a bailor-bailee relation-
ship, the rationale is well stated in *Mills v. Continental
Parking Corp.,* 86 Nev. 724, 725, 475 P.2d 673 (1970), as
follows:

> The negligent entrustment theory of tort liability does
> not apply to the normal bailor-bailee relationship since
> the bailee is duty bound to surrender control of the car to
> the bailor upon demand or suffer a possible penalty for
> conversion.

*See also Wiggins v. Hughes Tool Co.,* 87 Nev. 190, 484 P.2d
566 (1971). When Michael Driver demanded control of his
automobile, after Richard Bruce ceased driving, respondent
passengers had a duty to return the car to him; they had no
legal basis upon which to deny him control. Had respon-
dent passengers exerted dominion and control over the ve-
hicle at that time, their actions would have amounted to a
conversion. *Cf. Williams Tilt-Up Contractors, Inc. v.
Schmid,* 52 Wn.2d 429, 326 P.2d 41 (1958). The negligent
entrustment theory is inapplicable to respondent passen-

gers; summary judgment in their favor was properly granted.

Finally, plaintiff contends the court erred in entering summary judgment in favor of Garth E. Driver and Dorothy M. Driver, parents of defendant, Michael Driver. He contends a factual question, involving the applicability of the family car doctrine, is raised as to the parents' liability to plaintiff.

In *Coffman v. McFadden,* 68 Wn.2d 954, 958, 416 P.2d 99 (1966), the court stated:

(4) In order to fasten liability upon the parents for the negligence of the child, under the family car doctrine, the plaintiff must show that the parents owned, provided or maintained the automobile in question, and that it was for the general use, pleasure, and convenience of the family. *Mylnar v. Hall,* 55 Wn.2d 739, 350 P.2d 440 (1960).

. . .

(6) In the determination of whether an automobile is owned by an unemancipated minor child residing at home, or by his parents, the following elements must be considered:

(a) Who paid for the car, (b) who had the right to control the use of the car, (c) the intent of the parties who bought and sold the car, (d) the intent of the parents and the child relative to ownership, (e) to whom did the seller make delivery of the car, (f) who exercised property rights in the car from the date of its purchase to the date of the accident, and (g) any other circumstantial evidence which may tend to establish the fact of ownership. *Jerdal v. Sinclair,* 54 Wn.2d 565, 342 P.2d 585 (1959).

Michael's father, Garth Driver, wrote a check to purchase a cashier's check used to purchase the automobile. He accompanied his son when the automobile was purchased; he indicated to his son his belief as to the soundness of the purchase. Michael's mother, Dorothy Driver, wrote monthly checks to pay the automobile insurance premiums on the automobile. The parents had driven the automobile on three or four occasions.

All the Drivers state that any payments made by the parents with respect to the automobile were fully reimbursed by defendant Michael Driver. They also state that the automobile was under the exclusive control of Michael Driver and was only used by other family members with his express permission. The vehicle title was in the name of Michael.

In ruling upon a motion for summary judgment, the court must consider all material evidence and inferences therefrom in a light most favorable to the nonmoving party. *Diel v. Beekman,* 1 Wn. App. 874, 465 P.2d 212 (1970). Where material facts averred in an affidavit are particularly within the knowledge of the moving party, it is advisable that the cause proceed to trial in order that the opponent may be allowed to disprove such facts by cross-examination and by the demeanor of the moving party while testifying. *Felsman v. Kessler,* 2 Wn. App. 493, 468 P.2d 691 (1970). Applying these principles, the record does raise genuine issues of material fact as to whether the parents owned or provided the automobile in question. However, that does not resolve the issue.

The record contains no evidence, or inference, that the automobile was for the general use, pleasure and convenience of the family, as is necessary for application of the family car doctrine. *Coffman v. McFadden, supra; Mylnar v. Hall,* 55 Wn.2d 739, 350 P.2d 440 (1960). The affidavits and depositions show Michael's vehicle was used by other family members on only three or four occasions during the 8- or 9-month period from the time he purchased the vehicle until the accident in question. Each such use was with Michael Driver's express permission or for his own benefit. Under these circumstances, summary judgment in favor of Garth and Dorothy Driver was proper. *See Mylnar v. Hall, supra.*

Judgment is affirmed.

GREEN, C.J., and McINTURFF, J., concur.

Petition for rehearing denied August 12, 1974.

Review denied by Supreme Court October 18, 1974.