[No. 43926. En Banc. April 29, 1976.]

RAYMOND W. KUBISTA, ET AL, *Respondents*, v. PAUL ROMAINE, ET AL, *Appellants*.

*John A. Rorem*, for appellants.

*F. Ross Burgess*, for respondents.

HOROWITZ, J.—Plaintiff Raymond Kubista, after a jury trial, received verdict and judgment for $25,000 against defendant Paul Romaine for the former's serious back injuries caused by the latter's negligence. Plaintiff contends this award is inadequate and appeals.

The principal assigned error is the trial court's rejection of plaintiff's offer to prove statements made to plaintiff by

an adjuster for defendant's insurance carrier in charge of the litigation against defendant policyholder. The Court of Appeals, Division Two, in *Kubista v. Romaine*, 14 Wn. App. 58, 538 P.2d 812 (1975), held the trial court committed prejudicial error in rejecting the offer, reversed the trial court by a 2-to-1 decision, and remanded the case for a new trial. Defendant appeals the decision to this court pursuant to CAROA 50(e). We affirm the decision of the Court of Appeals.

The facts are more fully set out in the opinion of the Court of Appeals. Briefly summarized the facts are these. On June 22, 1970, plaintiff was involved in a minor traffic accident caused by defendant's negligence. Plaintiff suffered serious damage to his back. On that account he was later advised by his orthopedic surgeon to leave his job as a shipfitter and engage in another occupation.

Plaintiff then considered either finding lesser paying work which he could physically perform or going to school to learn a new trade. Plaintiff claims that at this time the adjuster for defendant's insurance company, handling the claim, told him or encouraged him to go to school and promised the insurance company would "take care of him." Plaintiff, in reliance on the insurance company's encouragement and promise did enter school and accordingly did not seek employment. The insurance company paid his tuition at school for one quarter until his tuition was paid by the state as part of a vocational rehabilitation program. The company also paid plaintiff the amount of his pay as a shipfitter until March 1973, when settlement negotiations broke down and plaintiff rejected a final settlement offer from the insurance company.

Plaintiff filed suit in April 1973. In his amended complaint he claimed general damages, including reduced earning capacity in the amount of $250,000, lost wages to July 1, 1973, in the amount of $23,884.40, and medical expenses incurred. In October 1973 plaintiff was granted his motion for summary judgment on the issue of defendant's liability. Trial on the issue of damages later followed.

At the outset of the trial defendant made a motion in limine to exclude any testimony concerning the insurance adjuster's encouragements to plaintiff to attend school, and the alleged promise to "take care of him" if he did so. Plaintiff's affidavit in opposition to the motion explained the testimony sought to be excluded was necessary to support his claim for lost wages. The affidavit states in part:

I have subpoenaed HOWARD J. BOLLERUD [the insurance adjuster] and the reason being that there is a claim for lost wages and defendants, I anticipate, will try to show that Mr. Kubista did not try to mitigate his lost wages and testimony will be that of encouragement and recommendations to Mr. Kubista by Mr. Bollerud on behalf of the insurance company . . .

The trial court ruled the testimony irrelevant and prejudicial to defendant. He further ruled that no mention should be made of insurance or the insurance adjuster in the voir dire, the opening statement, and in any of plaintiff's direct testimony. However, the court stated his ruling was tentative, that if defendant's case at any time raised an issue upon which the adjuster's testimony might be relevant, the court would make another determination.

Trial on the sole remaining issue of damages then proceeded. Some of the defense testimony was presented out of order for the convenience of the witnesses. During the direct examination of plaintiff, plaintiff's attorney believed the testimony of the insurance adjuster was required. See footnote 1. He then made the following offer of proof to the court, outside the presence of the jury, of plaintiff's proposed testimony.

MR. ROREM: [plaintiff's attorney] Well, the basic question, Your Honor, I think the gist of the defense and what they've been trying to do is to try to show that he could have gone back to work. I intend to ask him why he went to school and he will testify and the answer is going to be that Howard Bollerud told him or encouraged him to go to school and that they were going to take care of him. And it is the thing which I figured was going to show up, I didn't see how we were going to avoid it, but their point still is that there hasn't been

anything in lost wages, their attack is that he could have gone to work, nothing wrong doing some sort of job and my point is that what he did was done at their encouragement and they should not be able to now come back in and say or insinuate that he was trying to get something for nothing, that is what they are trying to do, but what he did was on their advice and it raises a very touchy situation and I think that this is the problem that exists . . .

The trial court rejected the offer on the ground the proposed testimony was irrelevant.

During closing argument to the jury by defendant's attorney he said:

I suggest to you, ladies and gentlemen, that Mr. Kubista, and that the evidence is clear, could have clearly been employed prior to this time if he had decided to be employed but instead he decided to go to school and he says that he is bettering himself in school. I don't believe that the defendant is responsible for that decision.

The trial resulted in a $25,000 verdict for plaintiff. The court allowed an offset of $20,795.58 for sums already paid to plaintiff in medical expenses and wages and entered a judgment for plaintiff in the net sum of $4,204.42.

On plaintiff's appeal, the Court of Appeals held plaintiff's proffered testimony should have been admitted because it shed light on the seriously contested issue of the amount of plaintiff's lost wages properly recoverable. Defendant does not disagree his defense was that plaintiff did not mitigate his damages by attempting to work, but instead, on his own, chose to go to school. The Court of Appeals held the proffered testimony clearly relevant on the issue of the reasonableness of plaintiff's actions, i.e., to explain his not going to work. If plaintiff had been permitted to show he chose to attend school at the urging of defendant's insurer, the jury might not be receptive to defendant's defense that plaintiff was thereby violating his duty to mitigate damages. Without the testimony offered, defendant was able to argue in closing that defendant should not be responsible for plaintiff not seeking work but choosing to attend school.

The dissenting opinion advances three grounds for upholding the trial court's rejection of plaintiff's offer of proof. (1) The plaintiff's offer of proof was insufficient "to apprise the court of the grounds for admissibility"; (2) the offered evidence was irrelevant because it bore no logical relationship to the fact in issue to be established; and (3) if relevant, the trial court's exclusion was not an abuse of discretion when weighed against established legal principles and policy considerations.

 We disagree with these contentions. It is true that when the admissibility of offered evidence depends upon the purpose for which it is offered, the trial court may properly reject an offer of proof which does not disclose such purpose. *Kain v. Logan*, 79 Wn.2d 524, 527, 487 P.2d 1292 (1971); *Tomlinson v. Bean*, 26 Wn.2d 354, 361, 173 P.2d 972 (1946); Annot., 89 A.L.R.2d 279, 289 (1963). However, as shown in plaintiff's affidavit in opposition to the motion in limine and his offer of proof to the court, plaintiff's counsel informed the court (1) of the nature of the testimony he proposed to elicit from the plaintiff, (2) that the limited purpose of the evidence was to refute defendant's theory on mitigation of damages, and (3) that the testimony was relevant circumstantial evidence to explain plaintiff did not breach his duty to mitigate damages in failing to seek employment, and instead went to school in good faith reliance on the encouragement and promise of defendant's insurer. Plaintiff's offer of proof states in part:

> I intend to ask him why he went to school and he will testify and the answer is going to be that Howard Bollerud told him or encouraged him to go to school and that they were going to take care of him . . . [2] [T]heir point still is that there hasn't been anything in lost wages, their attack is that he could have gone to work . . . [3] they should not be able to now come back in and say or insinuate he was trying to get something for nothing . . .

Plaintiff's offer of proof made a sufficient disclosure of the reasons for admissibility "so that the court [might] make an informed ruling." *Tomlinson v. Bean, supra* at 361.

The dissent's second ground is the offered evidence is irrelevant because it bears no logical relationship to the fact in issue to be established. It is argued the only issue with regard to lost wages is primarily a medical question upon which the insurance adjuster's statements could not shed any light—"whether the automobile accident proximately caused a disability which precluded plaintiff's return to his former work, so that vocational rehabilitation was reasonably necessary." This analysis unduly limits the issues properly before the jury.

■ Ordinarily to recover for lost wages, a plaintiff must establish *inter alia* his loss of wages was caused by his injuries. *See Ayo v. H.G. Hill Stores*, 97 So. 2d 82, 88 (La. App. 1957); *Chapin v. Hunt*, 521 S.W.2d 123, 126 (Tex. Civ. App. 1975); *Schurk v. Christensen*, 80 Wn.2d 652, 657, 497 P.2d 937 (1972); 3 L. Frumer, R. Benoit & M. Friedman, *Personal Injury — Actions, Defenses, Damages* § 3.04(a)(v), at 135 (1965). However, the loss of wages so established is not recoverable to the extent plaintiff reasonably failed to mitigate his damages by earning whatever he could at another occupation. *Alexander v. Meiji Kaiun K.K.*, 195 F. Supp. 831, 834 (E.D. La. 1961); *Ward v. Painters' Local 300*, 45 Wn.2d 533, 542, 276 P.2d 576 (1954). Plaintiff offered to prove he went to school, rather than seeking alternative employment or returning to his shipfitting job, in good faith reliance upon the encouragement and promise by defendant's insurance adjuster that plaintiff would be "taken care of" if he went to school to learn a new occupation. This evidence on its face is relevant to show defendant was estopped to assert the defense that plaintiff's failure to seek employment violated his duty to mitigate damages. *See Hill v. L.W. Weidert Farms, Inc.*, 75 Wn.2d 871, 874, 454 P.2d 220 (1969) (requisites of equitable estoppel).[1] The

---

[1] The burden of proof was on the defendant to show plaintiff unreasonably failed to mitigate his damages. *Burr v. Clark*, 30 Wn.2d 149, 159, 190 P.2d 769 (1948). A plaintiff, therefore, need not raise the issue on his own initiative. However, as the Court of Appeals decision points out, the issue was raised by plaintiff during the presentation of his case because some of the defense testimony was presented beforehand for

result of keeping out the evidence was to prevent plaintiff meeting the claim argued in defendant counsel's closing remarks to the jury that defendant was not responsible for plaintiff's decision to go to school rather than seek employment.

The dissent argues the rejected evidence would inform the jury defendant was insured, conducted settlement negotiations with the plaintiff, and supplied plaintiff with wages during the portion of the contested period he attended school. Accordingly, it is argued this evidence would have the effect of an admission of liability on defendant's part and would discourage advance payments of the kind made to plaintiff. It contends the admission of the offered evidence would violate the rules of evidence (1) prohibiting the intentional interjection into a personal injury suit of the fact defendant carries liability insurance; (2) rendering inadmissible offers of compromise including negotiations on the issue of the offeror's liability; and (3) rendering inadmissible evidence of advance payments of medical and hospital costs when they spring from humanitarian impulses rather than from an admission of liability.

■ There are several answers to these arguments. First, as the Court of Appeals notes, defendant's liability had already been established by summary judgment prior to the trial. The proffered evidence would not establish liability not already established by summary judgment. Moreover, even when the issue of liability is present, rules of evidence which prohibit the admission of a defendant's offers of compromise and the existence of liability insurance do not prevent such evidence being introduced if admissible for another proper purpose. *See, e.g., Redman v. Department of Educ.*, 519 P.2d 760, 767-68 (Alas. 1974) (settlement offer); *Travelers Ins. Co. v. Barrett*, 366 S.W.2d

the convenience of the witnesses. This testimony included that of defendant's physician, who testified plaintiff would have been able, if he lost weight and underwent conditioning, to return to his normal occupation or pursue another occupation. The plaintiff made it clear to the court the proffered evidence in question was to obviate the effect of the testimony of defendant's physician.

692, 694 (Tex. Civ. App. 1963) (settlement offer); *Reid v. Owens*, 98 Utah 50, 59, 93 P.2d 680, 126 A.L.R. 55 (1939) (insurance); *Jerdal v. Sinclair*, 54 Wn.2d 565, 569-70, 342 P.2d 585 (1959) (insurance). Here the offered evidence of encouragement and promise made to plaintiff by defendant's insurance agent is relevant on the vital issue of whether plaintiff had a duty to mitigate damages.

Lastly, we cannot uphold the rejection of plaintiff's offer on the ground its admission would serve to discourage the practice of advance payment settlement programs by insurers. It could equally be said such rejection would discourage future injured parties from accepting such advance payments from insurance companies. A potential plaintiff might fear such acceptance would be later used in court to prevent him from establishing, as plaintiff here desires to do, his good faith reliance on an insurance company's promises and advance payment program in making a consented to choice to seek medically advised rehabilitation rather than employment following injuries caused by defendant's negligence. Admitting the evidence in question permits the advance payment program to be followed without discouraging its use. For the same reason, we do not believe the insurer's use of the advance payment program of medical and hospital costs should be used to the prejudice of a plaintiff by preventing him from showing good faith reliance upon the promise of such advance payments in order to rebut the inference that he was intentionally idle after his injuries.

We conclude the offered evidence was relevant and in the language of *Stoelting v. Hauck*, 32 N.J. 87, 105, 159 A.2d 385 (1960) "the trial judge in excluding the proffered evidence mistakenly exercised his discretion." That the plaintiff was prejudiced by the exclusion is clear. When, as here, the verdict on the issue of damages is in a lump sum, we cannot determine how much the jury awarded for lost wages and how much for other damages claimed. For all we know the jury might have awarded a substantially larger

sum for lost wages had the court admitted the excluded evidence. Plaintiff is entitled to a new trial.

Plaintiff makes two additional assignments of error, overruled in the decision of the Court of Appeals. ROA I-16 provides:

> In giving its decision, if a new trial is granted, the court may pass upon and determine all the questions of law involved in the cause presented upon such appeal and necessary to the final determination of the cause.

We agree with the disposition of these matters by the Court of Appeals for the reasons stated in its opinion. That disposition requires no further elaboration.

The decision of the Court of Appeals reversing the judgment of the trial court is affirmed.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.