Jamey Lee MURRAY, By and Through James Lee MURRAY, Guardian of the Estate of Jamey Lee Murray, Plaintiff,

v.

WHIT TATUM MOTORS, INC., an Arkansas Corporation, Defendant.

No. 87–2015.

United States District Court, W.D. Arkansas, Fort Smith Division.

Nov. 24, 1987.

Jerry L. Canfield, Fort Smith, Ark., for plaintiff.

Robert L. Jones, III, Fort Smith, Ark., for defendant.

MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

Plaintiff filed this personal injury diversity action alleging that he was struck by an automobile belonging to Debbie Tatum and driven by Sheila Fay Amos, causing him multiple injuries including possibly permanent impairments to speech, thinking, and body functions. Plaintiff claims that Ms. Amos was intoxicated at the time and swerved across the center line striking plaintiff who was riding a bicycle. Plaintiff sues defendant, an automobile dealership, on the theory that it had the "right to continued possession and control" of the relevant automobile, but nevertheless "with full knowledge of the propensities for abuse of alcohol and automobiles of Deborah Ann Tatum" delivered the automobile to her and thus "created an unrea-

sonable risk of physical harm to other persons, specifically including" the plaintiff. Plaintiff further characterizes his cause of action as one for negligent entrustment. After some discovery had occurred, defendant filed this Motion for Summary Judgment asserting that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. The motion will be denied.

### I.

 It appears uncontroverted that Ms. Tatum delivered her automobile to defendant for repairs in January of 1985 and that defendant redelivered it to her in May. Two and a half months later she allowed it to be driven by Sheila Amos who became involved in the instant accident. Defendant strenuously argues that it was under an absolute legal duty to redeliver the automobile to Ms. Tatum on demand since she was the owner and that it cannot be liable for doing what the law demands of it. In support of this contention, defendant cites a number of cases holding that bailees are not liable for redelivering property to their bailors even if they knew or should have known that the bailors were likely to cause damage with that property. *See Sampson v. W.F. Enterprises, Inc.,* 611 S.W.2d 333 (Mo.App.1980); *Wiggins v. Hughes Tool Co.,* 87 Nev. 190, 484 P.2d 566 (1971); *Mills v. Continental Parking Corporation,* 86 Nev. 724, 475 P.2d 673 (1970); *Hulse v. Driver,* 11 Wash.App. 509, 524 P.2d 255 (1974). The court has some difficulty in accepting a *per se* rule that always and in all circumstances exonerates a bailee from liability for negligence in redelivering a chattel, for it would not be difficult to devise hypotheticals which would put so wooden a rule in considerable doubt. But here there are circumstances that take the case out of even the rule for which defendant is arguing, because defendant asserts, and plaintiff does not deny, that Ms. Tatum had not paid for the repairs to her automobile and thus defendant was not obligated to deliver it to her. Under Arkansas law, the bailee was privileged to retain the automobile until payment was made. *See Ark. Stat.Ann.* §§ 51-401—422 (1971). A bailee has, until the bailment has ended, a special property in the object of the bailment. In the use of that property a bailee can surely be negligent, and there is no apparent reason why a bailee cannot negligently terminate a bailment when he or she is not obligated to do so.

### II.

 Defendant also asserts that under the facts of this case the element of proximate cause is entirely absent and thus its liability foreclosed as a matter of law. The Arkansas definition of proximate cause is somewhat elastic and uncertain, as it must necessarily be. A proximate cause is one that "in a natural and continuous sequence produces damage and without which the damage would not have occurred." *AMI Civil 2d,* 501 (1974). There are a number of Arkansas cases that deal with this concept, but they are not particularly apposite since most negligence cases are so fact-specific. The general rule seems to be that a motion like this one should be granted only if reasonable people, following the principle announced in AMI Civil 2d 501, could not fail to say that defendant's acts did not proximately cause the relevant accident. This is a heavy burden and defendant has not met it.

### III.

For the reasons indicated the Motion for Summary Judgment will be denied.