[No. 1465.]

J. H. DONLAN, Respondent, v. A. J. CLARK, Appellant.

Bailment—Presumption if Goods Are Lost—Conversion.—When a person is intrusted with the care and custody of goods, it is his duty to return them at the end of the bailment, or account for their loss, and show that it happened without legal negligence upon his part. If he fails to do either, the presumption is that he has converted them, or that they have been lost through his negligence and he is responsible for them.

Idem—Ordinary Care—Gross Negligence.—This is equally true, whether, by the nature of the bailment, the bailee is bound to exercise ordinary care and diligence, or is liable only for gross neglect.

Idem—Loss of Goods—Burden of Proof.—The burden of proving that they have been lost without the fault being upon him, it is not sufficient for him simply to produce evidence to that effect. He must establish the fact to the satisfaction of the court. (Syllabus by Bigelow, C. J.)

Appeal from the District Court of the State of Nevada, Washoe county; A. E. Cheney, District Judge:

Action by J. H. Donlan against A. J. Clark. From a judgment for plaintiff, defendant appeals. Affirmed.

In March, 1894, the plaintiff left with the defendant, a hotel keeper at Reno, Nevada, a trunk full of masquerade costumes and masks, in pledge for the payment of a board bill of $17, upon the agreement that, when the money was paid, they were to be sent to him, as he might direct. The money was paid in January, 1895, and in the following October the trunk was sent to the plaintiff at San Francisco, California, by express. Upon its arrival there it was found to have been broken open, a part of the goods were missing, and the others had been worn and damaged. A witness testified that in February, 1895, he saw a son of the defendant and a companion upon the streets of Reno, in an intoxicated condition, and dressed in a masquerade costume, and another witness that in October, 1895, she saw a cape, identified as belonging to one of the costumes, in the possession of another

woman, and that the defendant's son was present when the cape was shown to her. On the other hand, the defendant, his son and a clerk all testified that the trunk had been kept in a trunk room in the basement of his hotel, which was kept securely locked, and that the trunk had not been opened or its contents disturbed while in his possession; but the son did not deny the testimony of the woman concerning the cape, nor was any explanation offered of it, but he denied having been upon the streets in masquerade costume in February, 1895. The findings and judgment were for the plaintiff, and the defendant appeals.

*Robt. M. Clarke* and *T. V. Julien*, for Appellant:

I. The property in question not being the ordinary baggage of the guest, there was no innkeeper's lien upon it.

II. Conceding for this case that the goods were pledged for the payment of the $17 hotel bill, that relationship ceased when the $17 was paid, and the defendant thereafter was a mere gratuitous bailee and liable for gross negligence only. (Story on Bailment, 338; *Petty* v. *Overall*, 42 Ala. 145; *Murphy* v. *Bortsch*, 23 Pac. 82; Jones on Pledges, 405; *Scott* v. *Screws*, 2 S. Car. 522; *Erie Bank* v. *Smith*, 3 Breus. (Pa.) 9; *Bardsdale* v. *Richardson*, 11 Wend. 25; *Platt* v. *Hibbord*, 7 Cowen, N. Y. 497; 9 Wend. N. Y. 298; *Foster* v. *Executors*, 17 Mass. 498–507.)

III. The burden of proof is upon the plaintiff to show negligence upon the part of the defendant. (2 Kent. Com. 4th ed., 587; *Platt* v. *Hibbord*, 7 Cowen, N. Y. 497; *Bardsdale* v. *Richardson*, 11 Wend. N. Y. 25; 9 Wend. 268; *Vose* v. *Valee*, 4 Hun, N. Y. 628; *Sellers* v. *Jones*, 22 Pa. St. 423; *Gerard F. & M. In. Co.* v. *Marr*, 46 Pa. St. 504.)

IV. As bailee, defendant was not a guarantor of the safety of the property, but was required to exercise only reasonable and ordinary care. He could only be held for losses which were the result of his negligence, and could not be made responsible for the negligence of another. (*Foster* v. *Executors*, 17 Mass. 501–2.)

V. If defendant's employees, or some one, wrongfully and without the knowledge of defendant, broke open the trunk and stole or damaged the goods, this could not create a

liability on the part of the defendant. (*Green* v. *Birtchard*, 27 Ind. 475; *Davis* v. *Gray*, 141 Mass. 531; *Schermer* v. *Neurath*, 54 Md. 497; 39 Am. Rep. 397.)

*James F. Dennis, Chas. A. Jones* and *E. R. Dodge*, for Respondent:

I. The law requires of the pledgee the exercise of ordinary diligence in the care and custody of the goods pledged, and he is responsible for ordinary diligence. (Story on Bailments, secs. 323–332. (*St. Losky* v. *Davidson*, 6 Cal. 644.)

II. Bailee liable only for gross negligence is still liable for actual conversion. (*Graves* v. *Smith*, 80 Am. Dec. 762.)

III. The burden of proof in case of loss is on the bailor to prove the contract and the delivery of the goods; then upon the bailee to show the loss and the manner of the loss; the burden then shifts to the bailor to establish that the loss was due to negligence. (28 Am. & Eng. Ency. 648, note 1, p. 650; *Lancaster Mills* v. *Merchants' Cotton P. Co.*, 89 Tenn. 1; 24 Am. St. Rep. 536; *Runyan* v. *Caldwell*, 7 Hump. Tenn. 134.)

By the Court, BIGELOW, C. J. (after stating the facts):

When a bailee, either for hire or gratuitous, is entrusted with the care and custody of goods, it is his duty to return them at the end of the bailment or account for their loss, and show that it happened without legal negligence upon his part. If he fails to do either, the presumption is that they have been converted by him or lost through his negligence, and he is responsible for them. (*Beardslee* v. *Richardson*, 11 Wend. 25; *Logan* v. *Mathews*, 6 Pa. St. 417; *Wiser* v. *Chesley*, 53 Mo. 547; *Cumins* v. *Wood*, 44 Ill. 416; *Murray* v. *Clarke*, 2 Daly, 102; *Arent* v. *Squire*, 1 Daly, 347.) We regard these principles as conclusive of the defendant's liability in the case. The court found, upon sufficient evidence, that he received the goods in good order, that he failed to return a part of them, and returned the balance in a damaged condition. He failed to account for this state of affairs. His defense consisted of a denial that any of the goods had been lost or damaged while in his possession, and his evidence, if true, showed that such could not have been the case, but

unfortunately for him, there was evidence to the contrary, and the court found the fact against him.

The very fact that they were so taken and used, is, under the circumstances, strong evidence that it was either done with the defendant's consent, or through gross negligence upon his part. (*Boise* v. *H. & N. H. R. R. Co.*, 37 Conn. 272.) This finding makes that one of the settled facts in the case, and leaves him in the predicament of a bailee in whose custody goods have been lost or damaged, and for which he has wholly failed to account. This, at least, threw upon him the burden of proving that they had not been lost or damaged through any fault of his, and this means more than that he must produce evidence to that effect. He must establish it to the satisfaction of the court, and if he does not, where there is a conflict in the evidence, the case stands the same as though no evidence to that effect had been offered.

Had he been able to establish that the goods had been stolen, or used without his connivance or negligence, this would have constituted a complete defense for him, even though the wrongful act had been perpetrated by a servant or some one in his employ. (Jones on Pledges, sec. 403; Story, Bailments, secs. 88, 338.) But no explanation whatever left him responsible for the loss, and, as already stated, this is equally true whether, after payment of the debt, he was bound to exercise ordinary care and diligence, or was liable only for gross neglect.

We are of the opinion that there was some substantial evidence to support the finding that the damage was done while the goods were in the defendant's possession, and not while in charge of the express company.

The judgment is affirmed.