VIRGINIA MILLS, Individually and as Guardian Ad Litem for SHEILA KENDALL MILLS, Appellants, *v.* CONTINENTAL PARKING CORPORATION, Respondent.

No. 6149

October 29, 1970                              475 P.2d 673

*John Sanchez,* of Reno, for Appellants.

*Goldwater, Taber, Hill and Mortimer,* and *Julien G. Sourwine,* of Reno, for Respondent.

# OPINION

By the Court, Thompson, J.:

This is an appeal from a Rule 12(b)(5) dismissal for failure of the plaintiffs to state a claim upon which relief can be granted. The legal issue is whether the heirs of a pedestrian who was killed by a car driven by a drunken driver have a claim for relief for wrongful death against the operator of a parking lot who surrendered the car to the inebriate with knowledge of his drunken condition. We agree with the district court that a claim for relief was not stated and affirm the dismissal.

The complaint alleges that Donald Lewis bailed his automobile to the Continental Parking Corporation to be parked on its parking lot; that when Lewis appeared to reclaim possession of the car he was drunk and the agents of Continental Parking knew it; that Continental Parking was negligent in entrusting the car to one who was incompetent to drive it.

1. In the situation where the parking lot attendant collects a fee, has possession of the keys, assumes control of the car and issues a ticket to identify the car for redelivery, the legal relationship of bailor-bailee is created. Taylor v. Philadelphia Parking Authority, 156 A.2d 525 (Pa. 1959).[1] The negligent entrustment theory of tort liability does not apply to the normal bailor-bailee relationship since the bailee is duty bound to surrender control of the car to the bailor upon demand or suffer a possible penalty for conversion. Indeed, if the bailee

---

[1] Cases collected at 7 A.L.R.3d 927.

refuses to return the car at the end of the bailment it is presumed that the car was converted by him. Donlan v. Clark, 23 Nev. 203, 45 P. 1 (1896); Manhattan Fire & Marine Ins. Co. v. Grand Central Garage, 54 Nev. 147, 9 P.2d 682 (1932), quoting the Donlan case with approval. Here, the bailment ended when Lewis appeared at the parking lot to reclaim possession of his car and paid for the parking services. At that moment the bailee lost his right to control the car. Although the negligent entrustment theory may apply where one who has the right to control the car permits another to use it in circumstances where he knows or should know that such use may create an unreasonable risk of harm to others, it does not apply when the right to control is absent.[2]

In Hamm v. Carson City Nugget, Inc., 85 Nev. 99, 450 P.2d 358 (1969), we ruled that the heirs of pedestrians who were killed by a car driven by a drunken driver did not have a claim for relief against a tavern keeper who unlawfully sold liquor to the offending driver. The policy considerations underlying that decision apply to the case at hand. The imposition of civil liability in the circumstances here alleged would lead to unforeseeable consequences limited only by the scope of one's imagination. We decline to venture into that wonderland.

2. Although plaintiffs-appellants assert that the district court erred in refusing leave to amend their complaint, the record fails to show that leave of court to amend was requested. NRCP 15(a). This claim of error must, therefore, fail.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.

---

[2]Cf. Ex parte Liotard, 47 Nev. 169, 217 P. 960 (1923); cases collected at 19 A.L.R.3d 1175; Rest. Torts 2d § 308.