LORRAINE CONNELL, APPELLANT, v. CARL'S AIR CONDITIONING, RESPONDENT.

No. 12240

October 13, 1981                                    634 P.2d 673

*Pomeranz, Crockett & Myers,* Las Vegas, for Appellant.

*Thorndal, Gentner, Backus, Lyles & Maupin,* Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

Lorraine Connell filed a complaint on December 9, 1975 against Patrick Higgins[1] and his employer, Carl's Air Conditioning (Carl's), for damages she sustained as a result of an automobile collision. Higgins was apprehended as the driver of a hit and run vehicle that had crashed into Connell's vehicle at approximately 5:15 p.m. on October 16, 1975. Higgins died of unrelated causes before the trial. However, his deposition taken in January, 1977 was received in evidence and read to the jury.

At the close of the plaintiff's case, Carl's moved under NRCP 41(b) for dismissal on the ground that the evidence was not sufficient to show that Higgins was acting in the course and scope of his employment at the time of the accident. The district court denied the motion. However, after all evidence had been introduced, the district court granted Carl's motion for a directed verdict upon this ground, pursuant to NRCP 50(a).

Higgins, according to his deposition, did not remember the accident at all. He did remember leaving the office of a general contractor with whom Carl's did business, and the next thing he remembered was being home. He also recalled feeling chest pains on his way home. He further testified that he was on call

---

[1]Iris Parraguirre, as special administratrix of the Estate of Patrick C. Higgins, and Connell entered into a stipulation dismissing the claim with prejudice. The estate is not a party to this appeal.

24 hours a day, and that on limited occasions he would be required to use the vehicle to go to a job site in an emergency. He testified that his normal workday was from 6:30 a.m. until between 4:30 and 5:30 in the afternoon. Higgins also related that he had previously had blackouts preceded by chest pains. Over objection, testimony of Higgins was also admitted to the effect that his employer was familiar with his condition and had witnessed one such attack prior to the date of the accident.

The president of Carl's testified that Higgins' usual work day was from 6:45 a.m. to about 3:30 p.m., and that over a three year period Higgins was only twice required to respond to late calls. Butler further testified that Higgins did not have to account for his whereabouts during working hours. There was no testimony introduced at trial affirmatively establishing that Higgins was running any errands for Carl's or working overtime on the day of the accident.

The vehicle involved in the accident was owned by Higgins and had been purchased by Higgins before he accepted employment with Carl's, but Carl's made the periodic purchase payments and paid all the maintenance expenses.

Appellant claims the district court erred in granting a directed verdict in favor of Carl's under NRCP 50(a), and in denying appellant's motions to amend her complaint to include a theory of negligent entrustment.

NRCP 50(a)[2] provides that a motion for directed verdict, stating the specific ground therefor, may be made at the close of the evidence offered by an opponent. The trial court, and this court, must view the evidence and all inferences in the light most favorable to the party against whom the motion is made, and may not test the credibility of the witnesses or weigh the evidence. If there remains no question of fact to be decided, an order directing the verdict is proper. Drummond v. Mid-West Growers, 91 Nev. 698, 542 P.2d 198 (1975); Bliss v. DePrang, 81 Nev. 599, 407 P.2d 726 (1965).

We have held that whether an employee was acting within the scope of employment is generally a question of fact within the province of the jury. However, tortious conduct by an employee in transit to or from work ordinarily will not expose

[2]NRCP 50(a) provides, in pertinent part:

A motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close of the case. . . . A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury. If the evidence is sufficient to sustain a verdict for the opponent, the motion shall not be granted.

the employer to liability. An exception exists when the employee is engaged in a "special errand" for the employer, even though not performed during usual working hours. Molino v. Asher, 96 Nev. 814, 618 P.2d 878 (1980); National Convenience Stores v. Fantauzzi, 94 Nev. 655, 584 P.2d 689 (1978).

Appellant alleges that the evidence presents a question of fact for the jury. However, in light of Higgins' testimony that he was on his way home and the lack of evidence that there existed any emergencies to which Higgins could have been responding on the day in question, as a matter of law, Higgins could not have been acting within the course and scope of his employment. The granting of the directed verdict pursuant to NRCP 50(a) was proper.

Appellant next contends that the district court erred in denying her motions, made before and during trial, to amend her complaint to include a theory of negligent entrustment. We. disagree.

A motion for leave to amend pursuant to NRCP 15(a) is addressed to the sound discretion of the trial court, and its action in denying such a motion will not be held to be error in the absence of a showing of abuse of discretion. Adamson v. Bowker, 85 Nev. 115, 450 P.2d 796 (1969). In light of appellant's dilatory conduct in waiting until the eve of trial to seek an amendment, we find no such abuse. See Stephens v. Southern Nevada Music Co., 89 Nev. 104, 507 P.2d 138 (1973).

Appellant also contends that the issue should have been considered pursuant to NRCP 15(b), which provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings. However, appellant has made no showing that the respondent expressly or impliedly consented to trying the issue of negligent entrustment. See Schwartz v. Schwartz, 95 Nev. 202, 591 P.2d 1137 (1979).

Furthermore, the facts in this case viewed in a light most favorable to appellant do not constitute a case of negligent entrustment.

Higgins, the employee, purchased the vehicle before accepting employment with Carl's and title was held in Higgins' name. There was no showing that Carl's had any control over

the vehicle, or did any more than facilitate its financing. The doctrine of negligent entrustment does not extend to one who neither entrusts nor places a vehicle with another, *see* Drake v. Morris Plan Company of California, 125 Cal.Rptr. 667 (Cal.App. 1975) (no liability on part of one who financed sale of automobile to allegedly incompetent driver), or to one who has no right to control the vehicle. Mills v. Continental Parking Corp., 86 Nev. 724, 475 P.2d 673 (1970).

Accordingly, the actions of the district court are affirmed in their entirety.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., concur.