### Camp v. Ruckert

John F. Salopek, for plaintiff.
Cathie J. Fagan and Dale F. Forsythe, for defendant.

WALKO, J., April 13, 1989 — On February 15, 1989, preliminary objections were filed in the above-captioned case on behalf of defendant. Said preliminary objections are based upon an alleged failure to "state a legally recognized cause of action against this defendant."

These objections have been opposed by the estate of the plaintiff. The issue to be resolved in this case is whether or not the estate of the entrustee plaintiff has a cause of action against the entrustor defendant for alleged personal injuries based on the alleged negligent entrustment of defendant's automobile by defendant to the deceased plaintiff. The events which precipitated the present cause of action can be summarized as follows on the basis of plaintiff's well-pleaded facts.

The deceased plaintiff and defendant were drinking alcoholic beverages together "during and throughout" the evening of April 10, 1988, "to a degree and point that the decedent was visibly intoxicated." The deceased plaintiff and defendant engaged in an "intense argument" around midnight. The deceased plaintiff was obviously impaired and emotional. A few minutes after the argument defendant entrusted the deceased plaintiff with his automobile allowing her to drive it alone without him. The deceased plaintiff re-encountered

defendant about 45 minutes later at a convenience store and, for a second time, defendant entrusted the deceased plaintiff with his automobile.

The deceased plaintiff was involved in a one-vehicle accident after a "high speed chase by police officers." Deceased plaintiff died April 11, 1988 as a result of head injuries received in the accident. The estate of the deceased plaintiff subsequently filed this action.

Both parties assert and it appears to be true that this is a case of first impression in the Commonwealth of Pennsylvania. However, the Supreme Court of Pennsylvania has provided this court with guidance on this issue in the case of *Congini By Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983). The above-cited case involved several issues, including the issue of alleged negligent entrustment of an automobile. The Supreme Court, in addressing this issue, stated:

"Appellants have also asserted two separate issues, neither of which do we find meritorious. The first involves the alleged negligent entrustment of an automobile to one who is intoxicated. However, this cause of action has been recognized only in those situations where the person sought to be held liable was 'the owner or other person responsible of its (automobile) use.' See Anno.: Liability based on Entrusting Automobile to One Who is Intoxicated or Known to be Excessive User of Intoxicants. 19 A.L.R.3d 1175 (1968). Appellants have cited no cases which extend this liability to persons who were not the owner or otherwise responsible for the automobile in question. See e.g., *Mills v. Continental Parking Corp.*, 86 Nev. 724, 475 P.2d 673 (1970) (holding parking lot attendant not liable for surrendering car to owner who was intoxicated). The appellee here had no right of control over Mark

Congini's car, and we see no basis upon which to extend liability to the situation posited here."

The inference may be drawn from the Supreme Court's discussion that in a case of alleged negligent entrustment where the entrustor had control over the "automobile in question" a cause of action on the part of the entrustee may be recognized. It may also be inferred that in such a case as described above, there may be a "basis upon which to extend liability" to the entrustor. This court has taken such an inference from the discussion of the Supreme Court of Pennsylvania in the *Congini* case and as such has determined that the preliminary objections of defendant must be dismissed.

For the foregoing reason we have entered the following

## ORDER

And now, April 13, 1989, defendant's preliminary objections are hereby dismissed.