LEHAN, Acting Chief Judge.
In this personal injury action we affirm the trial court’s dismissal of the complaint with prejudice. The dismissal was on the basis that there was no breach of duty to plaintiff from defendant Jai Alai Fronton owner, who operated a valet parking service, having returned a car to its obviously intoxicated owner whose negligent driving then caused injury to plaintiff. Knighten v. Sam’s Parking Valet, 206 Cal.App.3d 69, 253 Cal.Rptr. 365 (1988); Mills v. Continental Parking Corp., 86 Nev. 724, 475 P.2d 673 (1970). See Barnes v. B.K. Credit Service, Inc., 461 So.2d 217 (Fla. 1st DCA 1984), review denied, 467 So.2d 999 (Fla.1985); Reed v. Black Caesar’s Forge Gourmet Restaurant, Inc., 165 So.2d 787 (Fla. 3d DCA 1964), cert. denied, 172 So.2d 597 (Fla.1965) (no duty owed to injured plaintiff by defendant who served alcoholic beverages to plaintiff who left defendant’s establishment while intoxicated in an automobile and was in an automobile accident). See also Vic Potamkin Chevrolet, Inc. v. Horne, 505 So.2d 560 (Fla. 3d DCA 1987) (en banc); Horne v. Vic Potamkin Chevrolet, Inc., 533 So.2d 261 (Fla.1988) (no duty owed to injured plaintiff by automobile dealer who sold car to driver whom dealer knew was incompetent behind the wheel and who then injured plaintiff in automobile accident).
Affirmed.
THREADGILL and PARKER, JJ., concur.