FILED

NOT FOR PUBLICATION

NOV 19 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



HUMBERTO AMEZCUA and OCTAVIO RENE VAZQUEZ CORNEJO,

Plaintiffs-Appellants,

v.

GERARD BOON; et al.,

Defendants-Appellees.

No.    17-15882

D.C. No.
2:13-cv-01608-APG-CWH

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted November 14, 2018
San Francisco, California

Before:  THOMAS, Chief Judge, M. SMITH, Circuit Judge, and BUCKLO,**
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

Humberto Amezcua and Octavio Rene Vazquez Cornejo ("Plaintiffs") appeal the district court's denial of their motion for a new trial on a negligence claim against Gerard Boon and Lou Ann Boon ("Defendants") arising from a 2011 motor vehicle accident in which Defendants, driving a semi-truck, rear-ended Plaintiffs' vehicle. Plaintiffs argue the district court committed numerous errors that warrant a new trial. We have jurisdiction under 28 U.S.C. §1291. We review for abuse of discretion a district court's denial of a Rule 59 motion for a new trial. *Lam v. City of San Jose*, 869 F.3d 1077, 1084 (9th Cir. 2017) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007)). We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

1. The district court did not force Plaintiffs to withdraw their damages claim for medical expenses. Plaintiffs voluntarily and strategically withdrew these claims during the hearing on Defendants' motion to strike when it appeared the court was leaning in favor of granting Defendants' motion.

2. Plaintiffs' witness disclosures did not meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(C)(ii). Although the section requires "a summary of the facts and opinions to which the witness is expected to testify," Plaintiffs provided only a general overview of the topics upon which each of their four non-retained expert witnesses would testify. *Id.*

3. The district court properly granted summary judgment on the negligent entrustment claim because there is no evidence that corporate defendants had actual knowledge that either Defendant had previously falsified the logs, or that corporate defendants should have known of their practice of falsifying the logs. *See Mills v. Cont'l Parking Corp.*, 475 P.2d 673, 674 (Nev. 1970) (negligent entrustment standard requires a defendant knew or should have known that entrustment created an unreasonable risk of harm to others).

4. The court's question during voir dire regarding whether any of the jurors had "witnessed a car accident that [they] believed was staged" was not improper. It was not inflammatory, was asked only once, and was about an issue likely to and which, indeed, did arise during trial. Further, no authority provides that the court's failure to mention Defendants' burden of proof during voir dire was an error.

5. The district court had the discretion to conduct the voir dire itself since "[t]he court may permit the parties or their attorneys to examine prospective jurors or may itself do so." Fed. R. Civ. P. 47(a). The court also properly conducted the voir dire because it did not refuse any questions proposed by Plaintiffs and allowed Plaintiffs' counsel to ask follow-up questions to prospective jurors. *See id.* ("If the court examines the jurors, it must permit the parties or their attorneys to make any

further inquiry it considers proper, or must itself ask any of their additional questions it considers proper.").

6. The district court was within its power when it decided not to strike two jurors for cause. "Because determinations of impartiality may be based in large part upon demeanor, this court typically accords deference to the district court's determinations, and reviews a court's findings regarding actual juror bias 'for manifest error' or abuse of discretion." *See United States v. Gonzalez*, 214 F.3d 1109, 1112 (9th Cir. 2000). The first juror made statements regarding his view that immigrants in America should learn English and that he believed they receive more public benefits than non-immigrants, but the district court reasonably concluded that although his comments were concerning, the juror had demonstrated an ability to remain fair and impartial if chosen for the jury. No authority provides that the other juror should have been dismissed simply because the juror knew one of the witnesses who was scheduled to appear.

7. The district court did not err in concluding that opposing counsel's statements made throughout trial were not prejudicial. Reversal on the grounds of attorney misconduct is rare, and is granted only when the misconduct permeates an entire proceeding such that "the jury was necessarily influenced by passion and prejudice in reaching its verdict." *Cooper v. Firestone Tire & Rubber Co.*, 945

F.2d 1103, 1107 (9th Cir. 1991) ((citing *Kehr v. Smith Barney, Harris Upham & Co., Inc.*, 736 F.2d 1283, 1286 (9th Cir. 1984)). The district court "[wa]s in a far better position to gauge the prejudicial effect of improper comments than an appellate court which reviews only the cold record." *Id.* Plaintiffs present no argument or evidence to convince us otherwise.

8.  The district court did not abuse its discretion in denying a motion for a new trial based on an alleged failure to give a negligence *per se* instruction purportedly offered by the Plaintiffs. The Plaintiffs cannot identify any portion of the record in which the district court actually refused to give the instruction. Thus, the only issue presented is the district court's denial of a motion for a new trial. The record is equivocal as to whether a violation of 49 C.F.R. § 395.3 occurred. Boon testified that he was "90 percent sure" he would have been permitted to drive that day. He further testified that he was not fatigued on the morning of the accident and that he had gotten at least eight hours of sleep the night before. Given the equivocal record, the district court did not abuse its discretion in denying the motion for a new trial.

**AFFIRMED.**