138 Nev., Advance Opinion 50



# IN THE COURT OF APPEALS OF THE STATE OF NEVADA

YA-LING HUNG AND WEI-HSIANG
HUNG, EACH INDIVIDUALLY, AS
SURVIVING HEIRS, AND AS CO-
ADMINISTRATORS OF THE ESTATE
OF TUNG-TSUNG HUNG AND PI-LING
LEE HUNG,
Appellants,
vs.
GENTING BERHAD; GENTING U.S.
INTERACTIVE GAMING, INC.;
GENTING NEVADA INTERACTIVE
GAMING, LLC; AND RESORTS WORLD
LAS VEGAS LLC,
Respondents.

No. 83197-COA



FILED

JUN 30 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing an amended complaint and denying a motion to amend in a tort action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

*Affirmed.*

Law Offices of Kevin R. Hansen and Kevin R. Hansen and Amanda A. Harmon, Las Vegas,
for Appellants.

Greenberg Traurig, LLP, and Mark E. Ferrario, Christopher R. Miltenberger, and Elliot T. Anderson, Las Vegas,
for Respondents.

BEFORE THE COURT OF APPEALS, GIBBONS, C.J., TAO and BULLA, JJ.

22-20743

*OPINION*

By the Court, TAO, J.:

The purpose of an appeal is to remedy an error, whether procedural or substantive, made during the proceedings in the district court. And appellate procedure is clear on the proper way to raise and brief those errors to the reviewing court. Somewhat less clear, however, is how this court will treat an appeal when the appellant only properly challenges a district court's order on a singular issue, even though the outcome of that order rests on multiple alternative grounds. For that narrow reason alone, we take this opportunity to clarify that when a district court provides alternative bases to support its ultimate ruling, and an appellant fails to challenge the validity of each alternative basis on appeal, this court will generally deem that failure a waiver of each such challenge and thus affirm the district court's judgment.

The district court dismissed the operative complaint in the proceedings below on several alternative grounds and denied the appellants' motion to amend. But in their opening brief on appeal, the appellants failed to challenge each of the alternative grounds for dismissal, instead attempting to raise such arguments for the first time in their reply brief. Consequently, we conclude that the appellants waived each such challenge, thereby foreclosing their appeal as it concerns the district court's dismissal ruling. We further conclude that the district court did not abuse its discretion in denying the motion to amend. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 2017, an armed assailant walked into Resorts World Manila and set fire to furniture in the casino. Patrons of the hotel and casino ran for safety. Two of those patrons, Tung-Tsung Hung and Pi-Ling Lee Hung,

Court of Appeals of Nevada



2

sought refuge in their hotel room closet. While hiding in the closet, Tung-Tsung Hung and Pi-Ling Lee Hung became trapped and died due to smoke inhalation.

Almost two years later, acting individually and in their capacity as co-administrators of their parents' estate, Ya-Ling Hung and Wei Hsiang Hung filed a two-count complaint in Clark County, Nevada, alleging wrongful death and negligence, against Genting Berhad; Genting U.S. Interactive Gaming, Inc.; Genting Nevada Interactive Gaming, LLC; Genting Intellectual Property Pte. Ltd.; Resorts World Inc. Pte. Ltd.; Resorts World Las Vegas LLC; Resorts World Manila; and Kok Thay Lim. Shortly thereafter, the Hungs filed an amended complaint, which ultimately did not change the identity of the named defendants.

Within a month of filing the amended complaint, the Hungs successfully served three of the defendants: Genting Nevada, Genting U.S., and Resorts World Las Vegas. The district court then approved two requests to extend the time to serve the remaining defendants: Genting Berhad, Genting Intellectual Property, Resorts World Inc., Resorts World Manila, and Kok Thay Lim. These defendants, however, were never served.

Together, Genting Nevada, Genting U.S., and Resorts World Las Vegas, along with Genting Berhad, moved to dismiss the amended complaint, arguing that (1) under NRCP 12(b)(2), the district court could not exercise general or specific personal jurisdiction over the Genting defendants; (2) under NRCP 12(b)(5), the amended complaint did not state a claim upon which relief could be granted against Resorts World Las Vegas; (3) under NRCP 12(b)(6), because of the Hungs' failure to serve Resorts World Manila and others, the amended complaint failed to join necessary

and indispensable parties; and (4) the complaint should be dismissed under the doctrine of *forum non conveniens*.

In opposing the motion to dismiss, the Hungs' only substantive argument was that the district court could exercise general personal jurisdiction over all the defendants listed in the amended complaint, whether served or unserved, because "Resorts World Las Vegas and Resorts World Manila are [ ] for all intents and purposes, one and the same, owned by the Genting entities." To remedy any other deficiency in the amended complaint, the Hungs moved to amend and submitted a proposed second amended complaint, which they stated would "narrow[ ] down the proposed parties and dismiss[ ] certain parties who . . . are not known to be directly involved." After holding a hearing on the motions, the district court dismissed the amended complaint under NRCP 12(b)(2), 12(b)(5), 12(b)(6), and the doctrine of *forum non conveniens* and denied the Hungs' motion to amend.

The Hungs now appeal, arguing that reversal is warranted because the district court erred in determining that it could not exercise personal jurisdiction and abused its discretion in denying their motion to amend. But because the Hungs' appeal of the dismissal of the amended complaint suffers from a fatal procedural flaw, and because the district court was within its discretion in denying the motion to amend, we disagree. Therefore, we affirm the district court.

## ANALYSIS

*An appellant must challenge each of the alternative grounds supporting the district court's ultimate ruling in his or her opening brief*

It is well established in Nevada that "[a] point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal." *Old Aztec Mine, Inc. v.*

*Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). It is equally well established that an appellant's failure to timely raise an issue in its briefing on appeal, even if it raised the issue before the district court, generally results in a waiver of that issue. *See Kahn v. Morse & Mowbray*, 121 Nev. 464, 480 n.24, 117 P.3d 227, 238 n.24 (2005) (explaining that issues that are not properly raised on appeal may be deemed waived); *see also* NRAP 28(a) (setting forth the required contents of an appellant's opening brief); NRAP 28(c) (setting forth the required contents of an appellant's reply brief).

A natural result of these fundamental waiver principles is that, when a district court provides independent alternative grounds in support of a decision later challenged on appeal, the appellant generally must successfully challenge all of those grounds in its appellate briefing to obtain a reversal.[1] *See State v. Willis*, 358 P.3d 107, 121 (Kan. Ct. App. 2015) ("When a district court provides alternative bases to support its ultimate ruling on an issue and an appellant fails to challenge the validity of each alternative basis on appeal, an appellate court may decline to address the appellant's challenge to the district court's ultimate ruling."); 5 Am. Jur. 2d *Appellate Review* § 718 (2022 update) ("[W]here a separate and independent ground from the one appealed supports the judgment made below, and is not challenged on appeal, the appellate court must affirm."). And when appellants fail to challenge the alternative grounds in their opening brief,

---

[1]Many other appellate courts have reached the same conclusion. *See, e.g., Hillis v. Heineman*, 626 F.3d 1014, 1019 n.1 (9th Cir. 2010); *Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 724 (10th Cir. 2008); *Kellis v. Estate of Schnatz*, 983 So. 2d 408, 413 (Ala. Civ. App. 2007); *Navajo Nation v. MacDonald*, 885 P.2d 1104, 1112-13 (Ariz. Ct. App. 1994); *Foxley v. Foxley*, 939 P.2d 455, 459 (Colo. App. 1996); *AED, Inc. v. KDC Invs., LLC*, 307 P.3d 176, 181 (Idaho 2013); *Salt Lake County v. Butler, Crockett & Walsh Dev. Corp.*, 297 P.3d 38, 44 (Utah Ct. App. 2013).

even if they later do so in the reply brief, the failure to raise those issues in the opening brief results in waiver.[2] *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682-83 (11th Cir. 2014) (concluding the appellants had waived any challenge to the district court's alternative rulings, even though they presented arguments concerning those rulings in their reply brief, because "[t]hose arguments c[a]me too late").

In this case, the district court's order of dismissal rested on four independent alternative grounds: NRCP 12(b)(2), NRCP 12(b)(5), NRCP 12(b)(6), and the doctrine of *forum non conveniens*. But the Hungs' opening brief challenged only the district court's determination regarding personal jurisdiction. Under these circumstances, the failure to properly challenge each of the district court's independent alternative grounds leaves them unchallenged and therefore intact, which results in a waiver of any assignment of error as to any of the independent alternative grounds.[3] And

---

[2]This is also in harmony with the general rule that arguments raised for the first time in an appellant's reply brief are deemed waived. *See, e.g.*, NRAP 28(c); *Khoury v. Seastrand*, 132 Nev. 520, 530 n.2, 377 P.3d 81, 88 n.2 (2016) (citing NRAP 28(c) and concluding that an issue raised for the first time in an appellant's reply brief was waived); *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011) (declining to consider an argument that the appellant "raised . . . for the first time in his reply brief, thereby depriving [the respondent] of a fair opportunity to respond"); *Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) ("Issues not raised in an appellant's opening brief are deemed waived."); *Bongiovi v. Sullivan*, 122 Nev. 556, 570 n.5, 138 P.3d 433, 444 n.5 (2006) (declining to consider an argument that the appellant first raised in his reply brief, explaining that "reply briefs are limited to answering any matter set forth in the opposing brief").

[3]For example, the district court's application of the doctrine of *forum non conveniens*—which appellants did not properly challenge and which we therefore assume to be correct—is legally sufficient to sustain the dismissal

the Hungs have not demonstrated otherwise.[4] This logically forecloses their appeal as it concerns the district court's dismissal of the amended complaint.

Indeed, from a practical point of view, for us to reverse the district court's dismissal ruling, we would have to, first, raise challenges on the Hungs' behalf regarding NRCP 12(b)(5), NRCP 12(b)(6), and *forum non conveniens*; second, conceive of reasons to find fault with the district court's resolution of those issues; and then, third, use those reasons to reverse the district court's order. As another court persuasively reasoned in an analogous situation, "[s]uffice it to say, such an exercise of *sua sponte* judicial power would impermissibly place us in the role of advocate—far outside the boundaries of our traditional adjudicative duties." *Johnson v. Commonwealth*, 609 S.E.2d 58, 59-60 (Va. Ct. App. 2005); *see Senjab v. Alhulaibi*, 137 Nev., Adv. Op. 64, 497 P.3d 618, 619 (2021) ("We will not supply an argument on a party's behalf but review only the issues the parties present."); *see also Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir.

---

as to all defendants. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 131 Nev. 296, 303, 350 P.3d 392, 397 (2015) (providing that a court may properly dismiss an action for *forum non conveniens* without deciding the issue of personal jurisdiction). We further point out that dismissal is proper under NRCP 12(b)(5) and NRCP 12(b)(6), assuming, as we must in the absence of a proper challenge by appellants, that the district court correctly applied those rules. *See, e.g., Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 823, 221 P.3d 1276, 1280 (2009) (stating the standard for dismissal under NRCP 12(b)(5)); *Olsen Family Tr. v. Eighth Judicial Dist. Court*, 110 Nev. 548, 553-54, 874 P.2d 778, 781-82 (1994) (explaining that failure to join a necessary and indispensable party to a case is fatal to the district court's ability to enter a judgment).

[4]In fact, in their reply, the Hungs did not even attempt to dispute the extensive arguments made in the answering brief regarding waiver.

1983) ("The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them."). So applying this principle, because the Hungs did not challenge each and every one of the district court's independent alternative grounds for dismissal of the complaint, we summarily affirm based on the unchallenged grounds.

*The district court did not abuse its discretion in denying the motion to amend*

NRCP 15(a)(2) states that after a party has amended its pleading once as a matter of course, "[the] party may amend its pleading only with the opposing party's written consent or the court's leave." Although "[t]he court should freely give leave when justice so requires," *id.*, it need not do so if the amendment would be futile. *See Allum v. Valley Bank of Nev.*, 109 Nev. 280, 287, 849 P.2d 297, 302 (1993). On appeal, this court reviews the denial of leave to amend a pleading for an abuse of discretion. *Connell v. Carl's Air Conditioning*, 97 Nev. 436, 439, 634 P.2d 673, 675 (1981).

The Hungs' proposed second amended complaint contains no new factual allegations that remedy the deficiencies the district court found in the first amended complaint. Mainly, they did not plead the necessary elements of an alter-ego theory to impute Resorts World Manila's alleged wrongdoing onto Resorts World Las Vegas or any of the Genting defendants. *See Lorenz v. Beltio, Ltd.*, 114 Nev. 795, 807, 963 P.2d 488, 496 (1998) (explaining that to state a claim for alter-ego liability in Nevada, a plaintiff must allege that: "(1) [t]he corporation [is] influenced and governed by the person asserted to be its alter ego[;] (2) [t]here [is] such unity of interest and ownership that one is inseparable from the other; and (3) [t]he facts [are] such that adherence to the fiction of separate entity would, under the

circumstances, sanction a fraud or promote injustice" (third alteration in original)). Thus, because the Hungs' proposed amendment would have been futile, the district court did not abuse its discretion in denying their motion for leave to amend.

## CONCLUSION

We clarify the basic appellate principle that when a district court provides independent alternative grounds to support its ultimate ruling on an issue, an appellant must properly challenge all those independent alternative grounds. Otherwise, affirmance is warranted on the unchallenged grounds. Accordingly, we affirm the district court's order dismissing the amended complaint and denying the motion to amend.

_____, J.
Tao

We concur:

_____, C.J.
Gibbons

_____, J.
Bulla