# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| NICHOLAS MORTENSEN, an individual, | No. 49366-7-II |
| Appellant, | |
| v. | PUBLISHED OPINION |
| ROBERT MORAVEC, an individual; and DREW JAMES CORPORATION, d/b/a Main Street Station Bar & Grill, a for profit corporation; and GUITRON ESTRADA II, INC., d/b/a Rancho Viejo Sports Bar, a for profit corporation; and JOHN/JANE DOES 1-99 including Bartenders, | |
| Respondents. | |

MAXA, A.C.J. – A commercial seller of alcohol has a duty to not serve alcohol to an apparently intoxicated person. The question in this case is *to whom* that duty is owed; specifically, whether a commercial alcohol seller owes a duty to a person who is accidentally shot by an intoxicated customer after the customer leaves the seller's premises.

Robert Moravec accidentally shot and seriously injured Nicholas Mortensen after an evening of drinking alcohol at two establishments: Main Street Station Bar & Grill, owned by Drew James Corporation (Main Street), and Rancho Viejo Sports Bar, owned by Guitron Estrada, II, Inc. (Rancho Viejo). Mortensen filed a lawsuit against Main Street and Rancho Viejo, alleging that they each were negligent in serving alcohol to Moravec when he was apparently intoxicated. The trial court granted summary judgment in favor of Main Street and

Rancho Viejo, ruling that they were not liable as a matter of law because they owed no duty to Mortensen. Mortensen appeals the trial court's summary judgment order.

RCW 66.44.200(1) prohibits a person from selling alcohol to any person apparently under the influence of alcohol. The Supreme Court in *Christen v. Lee* established the general rule that an alcohol seller's duty not to serve an intoxicated customer does not extend to the customer's criminal assault of a third person because such an assault is unforeseeable as a matter of law. 113 Wn.2d 479, 498, 501-03, 780 P.2d 1307 (1989). The court held that an alcohol seller's duty is limited to persons injured by the intoxicated customer's driving error. *Id.* at 495-96, 503. Mortensen claims that the RCW 66.44.200(1) duty extends to any third person who is *accidentally* injured because of the criminal conduct of a customer who is served alcohol while apparently intoxicated, and that in this case the foreseeability of injury is a question of fact that cannot be decided on summary judgment.

We hold that (1) *Christen* compels the conclusion that an alcohol seller's duty under RCW 66.44.200(1) to not serve a person who is apparently intoxicated generally does not extend to a third person injured by the apparently intoxicated person's criminal assault, even if the injury was accidental; (2) because Moravec's shooting of Mortensen constituted a criminal assault, the general rule applies here; and (3) the exception to the general rule recognized in *Christen* for when the alcohol seller had some notice of the possibility of harm based on the intoxicated person's actions is inapplicable because Mortensen presented no evidence that Main Street and Rancho Viejo had notice of the possibility that Moravec would shoot him. Therefore, we hold that Main Street and Rancho Viejo owed no duty to Mortensen.

Accordingly, we affirm the trial court's order granting summary judgment in favor of Main Street and Rancho Viejo and dismissing Mortensen's complaint.

FACTS

*Accidental Shooting*

On April 10, 2015, Moravec and Mortensen spent part of the day buying ammunition and cleaning Moravec's handguns. Moravec left one of his handguns in his bedroom.

Later that day, Moravec and Mortensen went to Main Street to drink and play pool. They were joined by several friends. Moravec had several alcoholic drinks. Moravec was served alcohol even though he was obviously intoxicated. The group left Main Street around 1:00 AM. The group then went to Rancho Viejo, where Moravec had more alcoholic drinks. Again, Moravec was served alcohol even though he was obviously intoxicated.

At both establishments Moravec and the rest of the group were friendly and calm. There was no rowdy behavior, fighting, or arguments. Moravec did not have a gun with him.

The group left Rancho Viejo at about 2:00 AM and went to Moravec's house. Moravec went into his bedroom with a female friend. Mortensen and others were being loud and banging on the door and walls outside the room. Moravec came out of his bedroom holding his handgun and waving the gun around. Moravec did not know that there was a bullet in the gun and that the safety was off.

Moravec's gun had a modified trigger that required a lighter pull than normal. While Moravec was waving the gun, it went off accidentally and a bullet struck Mortensen. Moravec did not intend for the gun to go off. The bullet shattered several of Mortensen's vertebrae and rendered him unable to walk.

Moravec later pleaded guilty to third degree assault under RCW 9A.36.031(1)(d), which states that a person is guilty if he "[w]ith criminal negligence, causes bodily harm to another person by means of a weapon or other instrument or thing likely to produce bodily harm."

*Summary Judgment Motions*

Mortensen filed a lawsuit against Moravec, Main Street, and Rancho Viejo. The complaint alleged that Main Street and Rancho Viejo were liable for Mortensen's injuries because they served alcohol to Moravec when he was apparently under the influence of alcohol.

Mortensen filed a summary judgment motion on the issue of legal duty, arguing that Main Street and Rancho Viejo owed him a duty under RCW 66.44.200(1) because he had been accidentally injured as a result of their service of alcohol to Moravec. Main Street and Rancho Viejo filed cross motions for summary judgment, arguing that they owed no duty to prevent Moravec from shooting Mortensen.

The trial court granted summary judgment in favor of Main Street and Rancho Viejo, denied Mortensen's summary judgment motion, and dismissed Mortensen's complaint. The court ruled that Main Street and Rancho Viejo did not owe a duty to prevent Mortensen's injury and that the injury was not foreseeable based on the facts presented.

Mortensen appeals the trial court's summary judgment order.

ANALYSIS

Mortensen argues that (1) Main Street and Rancho Viejo had a duty to not serve alcohol to Moravec because Moravec was apparently under the influence of alcohol, (2) this duty extended to anyone foreseeably injured by Moravec's alcohol-related conduct, and (3) whether it was foreseeable that Moravec would accidentally shoot Mortensen is a question of fact that could

not be decided on summary judgment. Mortensen also argues that Main Street and Rancho Viejo had a duty to prevent the assault because they had notice of the possibility that Moravec could harm him.[1]

We hold that under existing precedent, an alcohol seller's duty not to serve a person apparently under the influence of alcohol does not extend to someone injured by the intoxicated person's criminal assault, regardless of whether the injury was intentional or accidental. And we hold that Mortensen presented no evidence that Main Street and Rancho Viejo had notice of the possibility that Moravec would harm him.

A.      STANDARD OF REVIEW

We review summary judgment orders de novo. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). On summary judgment, we construe all evidence and reasonable inferences in favor of the nonmoving party. *Id.* Summary judgment is appropriate when the record shows "no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." CR 56(c); *see Keck*, 184 Wn.2d at 370. An issue of fact is genuine if the evidence would be sufficient for a reasonable jury to find in favor of the nonmoving party. *Keck*, 184 Wn.2d at 370.

"To avoid summary judgment in a negligence case, the plaintiff must show a genuine issue of material fact on each element of negligence – duty, breach, causation and damage."

---

[1] In addition, Mortensen briefly argues that common law liability for serving alcohol to a person in a state of helplessness remains the standard of liability for alcohol sellers, even after the adoption of RCW 66.44.200(1). But he does not explain why the scope of duty analysis would be any different under a helplessness standard.

*Clark County Fire Dist. No. 5 v. Bullivant Houser Bailey PC*, 180 Wn. App. 689, 699, 324 P.3d 743 (2014).

B.      LIABILITY FOR SERVING ALCOHOL TO INTOXICATED PERSON

      1.      Duty of Alcohol Seller

"Generally, a person has no duty to prevent a third party from causing harm to another." *Volk v. DeMeerleer*, 187 Wn.2d 241, 255, 386 P.3d 254 (2016). However, Washington courts have recognized that a commercial seller of alcohol may be liable under certain circumstances when an intoxicated customer injures a third person. *See, e.g.*, *Barrett v. Lucky Seven Saloon, Inc.*, 152 Wn.2d 259, 269-74, 96 P.3d 386 (2004) (discussing civil liability for serving alcohol).

Historically, the common law rule in Washington was that a commercial seller that served alcohol to a person generally was not liable if that person became intoxicated and injured a third person. *See Burkhart v. Harrod*, 110 Wn.2d 381, 383, 755 P.2d 759 (1988). One established exception was that a commercial seller could be liable for serving alcohol to a person who was "obviously intoxicated." *Id.* This exception imposed liability for injuries to third persons caused by a customer's intoxication, but not for the intoxicated customer's own injuries. *Estate of Kelly v. Falin*, 127 Wn.2d 31, 37-42, 896 P.2d 1245 (1995).

RCW 66.44.200(1) provides a statutory prohibition similar to the common law's "obviously intoxicated" exception, stating that "[n]o person shall sell any liquor to any person apparently under the influence of liquor." In *Barrett*, the Supreme Court held that RCW 66.44.200(1) established the standard of civil liability for an alcohol seller for a customer's intoxicated driving. 152 Wn.2d at 273-74. The court stated that RCW 66.44.200(1) should be used to determine an alcohol seller's civil liability when the seller's service of alcohol to an

apparently intoxicated person causes a "drunk driving accident injuring a third party." *Barrett*, 152 Wn.2d at 273. However, the court emphasized that other than changing the standard of liability, it was not upsetting established precedent regarding the liability of an alcohol seller for third party injuries. *Id.* at 274.

The Supreme Court subsequently acknowledged that the statutory "apparently under the influence" standard had replaced the common law "obviously intoxicated" standard for determining an alcohol seller's liability. *Faust v. Albertson*, 167 Wn.2d 531, 538, 222 P.3d 1208 (2009).

### 2. Scope of Duty

There is no question that Main Street and Rancho Viejo had a duty under RCW 66.44.200(1) to not serve alcohol to Moravec if he was apparently under the influence of alcohol. The question here is whether an alcohol seller owes a duty to a third person who is assaulted and injured by a customer after the customer was served alcohol while apparently under the influence of alcohol when the injury was accidental.

In determining whether a defendant owes a duty to a particular plaintiff, a court must decide both who owes the duty and to whom the duty is owed. *Centurion Props. III v. Chi. Title Ins. Co.*, 186 Wn.2d 58, 65, 375 P.3d 651 (2016).

The *existence* of a defendant's legal duty is a question of law. *McKown v. Simon Prop. Grp., Inc.*, 182 Wn.2d 752, 762, 344 P.3d 661 (2015). The *scope* of the duty – to whom the duty is owed – depends upon the foreseeability of the harm. *Id.* at 763. Harm is foreseeable when the hazard or injury at issue is within the general field of danger covered by the duty. *Id.* at 763. The general rule is that "[f]oreseeability is normally an issue for the trier of fact and will be

7

decided as a matter of law only where reasonable minds cannot differ." *Schooley v. Pinch's Deli Mkt., Inc.*, 134 Wn.2d 468, 477, 951 P.2d 749 (1998).

The Supreme Court in *McKown* noted that "we have held that foreseeability can be a question of whether duty exists and also a question of whether the harm is within the scope of the duty owed." 182 Wn.2d at 764. "In this way, foreseeability plays a role in both the legal and factual inquiries regarding duty and its scope." *Id.*

C.      NO DUTY TO VICTIMS OF CRIMINAL ASSAULT

1.      *Christen*

The Supreme Court in *Christen* expressly addressed a commercial alcohol seller's liability when an intoxicated customer assaulted a third person. 113 Wn.2d at 483. In one of the consolidated cases before the court, a customer at a drinking establishment was served several alcoholic drinks even though he was obviously intoxicated. *Id.* at 485. After leaving the establishment, the customer was involved in an accident and then stabbed a law enforcement officer who had stopped to investigate. *Id.* at 486. The officer filed a lawsuit against the establishment to recover for his injuries. *Id.*

The court started its analysis by noting that even though there was sufficient evidence to show that the establishment breached its duty not to serve alcohol to the intoxicated customer, liability could be imposed for the breach of that duty only if the resulting harm was foreseeable. *Id.* at 491. The court stated:

> The concept of foreseeability limits the scope of the duty owed. We have held that in order to establish foreseeability "the harm sustained must be reasonably perceived as being within the general field of danger covered by the specific duty owed by the defendant." *Maltman v. Sauer*, 84 Wn.2d 975, 981, 530 P.2d 254 (1975). The limitation imposed thereby is important because, as this court has previously observed, "a negligent act should have some end to its legal

8

consequences." *Hunsley v. Giard*, 87 Wn.2d 424, 435, 553 P.2d 1096 (1976). Foreseeability is normally an issue for the jury, but it will be decided as a matter of law where reasonable minds cannot differ.

*Christen*, 113 Wn.2d at 492 (footnotes omitted).

The court next analyzed whether a criminal assault was a foreseeable result of serving an intoxicated customer. *Id.* at 493-96. The court noted that in 1955 the legislature had repealed the so-called dramshop act that imposed broad liability on alcohol sellers. *Id.* at 493-94. In the absence of the dramshop act, the common law generally provided no liability for serving alcohol to an adult unless that person was obviously intoxicated. *Id.* at 494. The court concluded:

> [T]he history of the duty owed by a furnisher of intoxicating liquor in this state evinces a well considered and reasoned reluctance on the part of this court, in light of the Legislature's repeal of this state's dramshop act, to now judicially decree common law liability in cases other than those fitting within the well-recognized exceptions to the common law rule.

*Id.* at 495.

The court then recognized that the cases addressing the common law duty not to furnish alcohol to an obviously intoxicated person "commonly involve automobile accidents." *Id.* The court stated:

> *It follows that the general type of harm encompassed by this duty is that of alcohol-induced driver error.* Driver error is a commonly understood and foreseeable consequence of serving intoxicants to an already obviously intoxicated person. The type of harm involved in the two cases before us, however, is that of a *criminal assault*. This is a drastically different type of harm than driver error. While driver error is not an intentional act, a criminal assault is an intentional act. Thus, the nature of the harm in the cases before us is not within the general field of danger traditionally covered by the duty not to furnish intoxicating liquor to an obviously intoxicated person.

*Id.* at 495-96 (first emphasis added, footnotes omitted).

Finally, the court acknowledged that an alcohol seller could be liable for a criminal assault committed by one of its customers if the seller had some notice of the possibility of harm from the customer's prior actions. *Id.* at 496. Incorporating this exception into the general rule, the court stated its holding as follows:

> [*W*]*e hold that a criminal assault is not a foreseeable result of furnishing intoxicating liquor to an obviously intoxicated person*, unless the drinking establishment which furnished the intoxicating liquor had some notice of the possibility of harm from prior actions of the person causing the injury.

*Id.* at 498 (emphasis added).

After finding no liability on the commercial seller of alcohol for an alcohol-induced assault under the common law, the court addressed the effect of former RCW 66.44.200 (1933), which prohibited selling alcohol to any person apparently under the influence of liquor. *Christen*, 113 Wn.2d at 501. The court stated:

> In the foregoing discussion of the scope of the common law duty not to furnish intoxicating liquor to an obviously intoxicated person, *we concluded that the general field of danger covered by this duty is that of driver error in causing automobile accidents*. We further concluded that a criminal assault is not foreseeable solely from a breach of this particular duty. As we perceive it, in enacting the statute against furnishing intoxicating liquor to a person who appears intoxicated, the Legislature intended to protect against foreseeable hazards resulting therefrom. *We conclude that said statute was not intended to protect against the hazard of a subsequent criminal assault*.

*Id.* at 503 (emphasis added).

The court concluded by referencing public policy and legislative intent:

> We also question whether, as a matter of policy, liability should attach to [the alcohol seller] in this case for a violation of these statutes. This case involves a subsequent criminal assault committed without any warning. To permit recovery under such circumstances would greatly extend the liability imposed on a furnisher of intoxicating liquor. Such broad liability may well be appropriate under a dramshop act, but as we have already pointed out, the Legislature in the exercise of its judgment repealed the state's dramshop act in 1955. This strongly suggests that

10

it does not intend that statutes such as those here at issue serve as vehicles for imposing such liability.

*Id.* at 504 (footnotes omitted).

2. *Barrett*

In *Barrett*, the Supreme Court addressed an alcohol seller's liability for an automobile accident involving an intoxicated customer. The court reiterated its holding in *Christen* that RCW 66.44.200(1) was intended to impose liability for driver error, not for criminal assaults. *Barrett*, 152 Wn.2d at 271-72.

The court first noted that it had recognized in *Christen* that the legislature enacted RCW 66.44.200(1) to protect against foreseeable hazards resulting from furnishing alcohol to a person who appears intoxicated. *Barrett*, 152 Wn.2d at 271. The court stated that it had concluded in *Christen* that " 'a subsequent criminal assault,' unlike an automobile accident arising from an overserved patron's 'driver error,' was not a foreseeable harm." *Id.* (quoting *Christen*, 113 Wn.2d at 503).

The court then emphasized again its holding in *Christen* that the scope of the statutory standard extended only to alcohol-related driving accidents.

> [W]e have stated, in particular, that the RCW 66.44.200(1) standard would not apply in the context of third persons assaulted by an overserved patron, *since the statute targets harms to third parties caused by the allegedly overserved patron's driver error. . . .* En route to holding that the RCW 66.44.200(1) standard would not apply . . . in a third party assault case, we have indicated that *the purpose of the statute is to protect third parties from drunk driving accidents caused by a commercial host's overservice of an adult patron*.

*Barrett*, 152 Wn.2d at 272 (emphasis added).

11

### 3.    *Restatement* § 286 Analysis

Mortensen relies on the *Restatement (Second) of Torts* § 286 (Am. Law Inst. 1965).

Section 286 states:

> The court may adopt as the standard of conduct of a reasonable [person] the requirements of a legislative enactment . . . whose purpose is found to be exclusively or in part
>> (a) to protect a class of persons which includes the one whose interest is invaded, and
>> (b) to protect the particular interest which is invaded, and
>> (c) to protect that interest against the kind of harm which has resulted, and
>> (d) to protect that interest against the particular hazard from which the harm results.

Mortensen argues that the application of these factors supports a conclusion that Main Street and Rancho Viejo owned a duty to him.

The Supreme Court in both *Christen* and *Barrett* applied the section 286 four-factor test to determine whether RCW 66.44.200(1) establishes a duty of care to a particular plaintiff. *Barrett*, 152 Wn.2d at 269, 273; *Christen*, 113 Wn.2d at 502-04.  The court in *Christen* stated that the fourth section 286 factor related to foreseeability of the harm because the legislature intended to protect against foreseeable hazards.  113 Wn.2d at 503.  The court concluded that "the general field of danger covered by this statutory duty [under former RCW 66.44.200(1)] is that of driver error and that a criminal assault is not a foreseeable result from a violation thereof." *Id.* at 503-04.

In *Barrett*, the court held that the first three section 286 factors supported application of RCW 66.44.200(1) to third persons injured by intoxicated customers.  152 Wn.2d at 273. Regarding the fourth factor, the court held that the particular peril that RCW 66.44.200(1) addressed was " 'alcohol-induced driver error.' " *Id.* (quoting *Christen*, 113 Wn.2d at 495).

Further, the court noted that it had stated that "the RCW 66.44.200(1) standard *would not apply* in the context of third persons assaulted by an overserved patron." *Barrett*, 152 Wn.2d at 272 (emphasis added).

Therefore, under *Christen* and *Barrett*, a section 286 analysis supports a holding that RCW 66.44.200(1) does not apply to an alcohol seller when an intoxicated customer assaults a third person.

    4.   *Cameron*

Since *Barrett*, one appellate case has addressed the liability of a person furnishing alcohol to a person who assaulted a third person. *Cameron v. Murray*, 151 Wn. App. 646, 649, 214 P.3d 150 (2009). In that case, a minor who had been drinking alcohol deliberately hit another minor in the head with a heavy beer mug. *Id.* at 650. The victim's parent filed a lawsuit against the person who had furnished the alcohol. *Id.*

In addressing the scope of the common law duty not to furnish alcohol to an obviously intoxicated person, Division One of this court relied on *Christen* in stating that "[c]riminal assault is 'not within the general field of danger traditionally covered by the duty not to furnish intoxicating liquor to an obviously intoxicated person.' " *Id.* at 652 (quoting *Christen*, 113 Wn.2d at 496). The court acknowledged the argument that it was foreseeable that teenagers drinking alcohol would produce criminal violence. *Cameron*, 151 Wn. App. at 654. However, the court stated that "*Christen* is the closer case and the precedent we must follow in a case concerning an alcohol furnisher's liability for an assault by an intoxicated person." *Id.* As a result, the court concluded that *Christen* was dispositive and held as a matter of law that the assault was not within the scope of any common law duty. *Id.* at 656.

The court in *Cameron* also addressed the alcohol furnisher's duty under various statutes prohibiting the sale of alcohol to minors. *Id.* The court again relied on "*Christen* and its holding that a criminal assault is not a foreseeable result of furnishing alcohol to minors." *Id.* The court held that *Christen* controlled and required rejection of the statutory claim. *Id.* at 657.

Finally, the court addressed exhibits the plaintiff had submitted demonstrating a relationship between youthful alcohol consumption and violence. *Id.* at 657-58. The court noted that the plaintiff was offering the exhibits "to support her policy argument for loosening the lid *Christen* has placed on what is reasonably foreseeable." *Id.* at 658. The court concluded:

> But notwithstanding the information and insights contained in those exhibits, the precedent is well established in Washington case law that in the absence of particularized notice, criminal assault is not a foreseeable result of providing alcohol. The liability belongs to the assailant, not to those who may have furnished alcohol to the assailant.

*Id.* at 660.

5.    Duty Analysis

*Christen*, *Barrett*, and *Cameron* are dispositive here. The Supreme Court in *Christen* made it clear that injuries caused by alcohol-induced driver error are a foreseeable harm of serving an intoxicated customer, but injuries caused by criminal assaults are not. 113 Wn.2d at 495-96. The court held that the general field of danger covered by RCW 66.44.200(1) was automobile accidents caused by intoxicated drivers. *Id.* at 503. The Supreme Court in *Barrett* emphasized again that the field of danger with which RCW 66.44.200(1) is concerned is drunk driving accidents caused by a commercial seller's service of alcohol to an intoxicated customer. 152 Wn.2d at 272.

14

Finally, *Cameron* demonstrates the straightforward application of the principles expressed in *Christen* and *Barrett*. The court held that even though the plaintiff made compelling arguments that violence was foreseeable when minors consumed alcohol, the holding in *Christen* that criminal assault is not a foreseeable result of providing alcohol was dispositive. *Cameron*, 151 Wn. App. at 652, 656, 660.

Mortensen challenges on several grounds the application of the rule stated in *Christen* and confirmed in *Barrett*. First, Mortensen argues that firearms accidents are the foreseeable result – within the field of danger – of an alcohol seller serving alcohol to an apparently intoxicated person. He disagrees that there is any meaningful distinction between injuries caused by vehicles and by firearms, both of which are dangerous instrumentalities. He claims that reasonable minds could differ regarding whether it is foreseeable that an intoxicated person would accidentally harm others with a firearm, and therefore whether his injury was foreseeable under the facts of this case is a question of fact for the jury.

It may not be completely unlikely that a person would be involved in a shooting accident after becoming intoxicated. However, the court in *Christen* expressly held that a criminal assault was not a foreseeable result of serving alcohol to an intoxicated customer. 113 Wn.2d at 498. Applying the foreseeability framework outlined in *McKown*, it is unclear whether the court in *Christen* was addressing the legal question of whether a duty existed or the factual question of whether a criminal assault was within the scope of the alcohol seller's duty. However, under either approach the court held as a matter of law that an alcohol seller could not be liable for a criminal assault resulting from the service of alcohol to an apparently intoxicated customer. *Christen*, 113 Wn.2d at 498, 503.

Second, Mortensen argues that *Christen* can be distinguished here because Moravec's shooting was accidental rather than a deliberate assault as in *Christen* (and *Cameron*). Mortensen argues that the duty analysis in *Christen* hinges on the whether an act was intentional or unintentional, not whether "criminal assault" occurred.

We acknowledge that the accidental injury here was different than the intentional injury in *Christen*. However, the court in *Christen* was very clear that a criminal assault was not the foreseeable result of serving alcohol to an intoxicated customer. Here, Moravec engaged in a criminal assault of Mortensen with his gun and in fact pleaded guilty to third degree assault under RCW 9A.36.131(d). The court in *Christen* did not distinguish in any way between negligent and intentional criminal assaults.

In addition, *Christen* did not hold merely that a criminal assault was not the foreseeable result of serving alcohol to an intoxicated customer. The court went further and affirmatively held that RCW 66.44.200(1) was intended to impose liability only for "driver error in causing automobile accidents." *Christen*, 113 Wn.2d at 503. The court in *Barrett* repeated this holding, stating that RCW 66.44.200(1) "targets harms to third parties caused by the allegedly overserved patron's driver error" and that "the purpose of the statute is to protect third parties from drunk driving accidents." *Barrett*, 152 Wn.2d at 272.

Third, Mortensen essentially argues that *Christen* was wrongly decided. He points out that nothing in RCW 66.44.200(1) limits the scope of the statutory duty to vehicle accidents. He claims that although imposing liability for driver error may have been *one* purpose of the statute, it was not the only purpose. He cites to *Schooley*, where the court held that a person who violates a statute by furnishing alcohol to a minor owed a duty to another minor who drank the

alcohol and then was injured in a swimming pool accident. 134 Wn.2d at 474-78. Mortensen concludes that "[c]ourts should not give bars a free pass to overserve patrons who kill or maim others in firearms accidents." Br. of Appellant at 26-27.

However, we are bound by Supreme Court precedent. Even if we were inclined to accept Mortensen's argument, it simply is inconsistent with *Christen* and *Barrett*. Further, we presume that the legislature is aware of the holdings in *Christen* and *Barrett*, and that the legislature's failure to amend RCW 66.44.200(1) after these cases were decided indicates legislative acquiescence. *See City of Fed. Way v. Koenig*, 167 Wn.2d 341, 348, 217 P.3d 1172 (2009).

Fourth, Mortensen relies upon negligent entrustment law in advocating for similar treatment of automobiles and firearms with respect to an alcohol seller's duty. The general negligent entrustment rule for automobiles is that the owner of a vehicle is liable for entrusting it to an intoxicated person. *Hulse v. Driver*, 11 Wn. App. 509, 514-15, 524 P.2d 255 (1974). Similarly, a firearm seller can be liable for providing a gun to an intoxicated person. *Bernethy v. Walt Failor's, Inc.*, 97 Wn.2d 929, 933-34, 653 P.2d 280 (1982). Mortensen claims that there is no meaningful difference between a criminally negligent assault with a car and a criminally negligent assault with a gun.

However, the court in *Christen* expressly rejected an argument based on *Bernethy*. *Christen*, 113 Wn.2d at 499. The court stated, "The distinction between accommodating an intoxicated person who wishes to purchase a weapon, as in *Bernethy*, and serving alcohol to someone . . . who already happens to have one is obvious." *Id.* As a result, the fact that both vehicles and firearms may be dangerous instrumentalities does not provide a basis for disregarding the clear precedent of *Christen*.

17

Fifth, Mortensen refers to legislative enactments and public health data that focus on firearm-related injuries and deaths. He argues that the foreseeability analysis should reflect the legislature's increasing concern with preventing the combination of alcohol and firearms. But we cannot rely on public policy concerns to disregard the clear precedent established in *Christen* and *Barrett*.

In summary, *Christen* and *Barrett* establish that a commercial seller of alcohol who serves alcohol to an apparently intoxicated customer owes a duty *only* to a third person who the customer injures in a vehicle accident. Nothing in those cases suggests that an alcohol seller owes a duty to a person injured by an intoxicated customer's criminal assault with a firearm. And although driver error and firearms accidents both can be caused by negligence, the Supreme Court has determined that driver error and assault are distinct harms. *Barrett*, 152 Wn.2d at 272; *Christen*, 113 Wn.2d at 496.

D.      NOTICE OF POSSIBILITY OF HARM

As noted above, the court in *Christen* acknowledged – as an exception to the general scope of duty rule – that a commercial alcohol seller could be liable for criminal assault committed by one of its customers if the seller had some notice of the possibility of harm from the customer's prior actions. 113 Wn.2d at 496-98. Mortensen briefly argues that there is a genuine issue of material fact under this theory of liability. We disagree.

Here, Mortensen presented no evidence that Main Street and Rancho Viejo had any notice of the possibility that Moravec might injure Mortensen. There was no evidence of any disturbance, arguments, or violence at either establishment. The undisputed evidence is that

Moravec and the rest of the group were joking and getting along up until the moment of the accident. And Mortensen did not have a gun at either establishment.

Because Mortensen did not present any facts indicating that Main Street and Rancho Viejo may have known there would be an assault, we hold that those establishments did not owe Mortensen a duty as a matter of law under the exception to the general rule.

CONCLUSION

We hold that the duty of Main Street and Rancho Viejo to not serve alcohol to Moravec when he was apparently intoxicated does not extend to Moravec's shooting of Mortensen. We cannot disregard the precedent established in *Christen* and reaffirmed in *Barrett* that as a matter of law, an alcohol seller's duty to not serve alcohol to an intoxicated customer extends only to a person injured by the customer's driver error and does not extend to a person injured by the customer's criminal assault after the customer has left the premises. Any change in the law will have to come from the Supreme Court or the legislature.

Accordingly, we affirm the trial court's order granting summary judgment in favor of Main Street and Rancho Viejo and dismissing Mortensen's complaint.

_____
MAXA, A.C.J.

We concur:

_____
JOHANSON, J.

_____
MELNICK, J.